# Exhibit 1

**AlaFile E-Notice**

02-CV-2009-901570.00

To: Robert J Hedge
Robert@millerhedge.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

DAVID ANDERS ET AL v. CITY OF PRICHARD ET AL
02-CV-2009-901570.00

The following complaint was FILED on 8/13/2009 5:28:52 PM

Notice Date: 8/13/2009 5:28:52 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
205 GOVERNMENT STREET
MOBILE, AL 36644

251-574-8420
jo.schwarzauer@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>02-CV-200<br>Date of Filing:<br>08/13/2009 | ELECTRONICALLY FILED<br>8/13/2009 5:28 PM<br>CV-2009-901570.00<br>CIRCUIT COURT OF<br>MOBILE COUNTY, ALABAMA<br>JOJO SCHWARZAUER, CLERK |

## GENERAL INFORMATION

**IN THE CIRCUIT OF MOBILE COUNTY, ALABAMA**
**DAVID ANDERS ET AL v. CITY OF PRICHARD ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☐ Individual  ☑ Government  ☐ Other

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING  A ☐ APPEAL FROM DISTRICT COURT  O ☐ OTHER
R ☐ REMANDED  T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ Yes ☐ No

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** HED003   8/13/2009 5:28:19 PM   /s Robert J Hedge

**MEDIATION REQUESTED:** ☐ Yes ☑ No ☐ Undecided

ELECTRONICALLY FILED
8/13/2009 5:28 PM
CV-2009-901570.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

| | | |
|---|---|---|
| David Anders; James Davis, Jr.; Jerry Mosley; Kenneth Turner; Sidney C. Anderson; Robert M. Mabry, Sr.; Mark E. Everett, Jr.; Thomas C. James; Joseph Crenshaw; Scott A. Balzer; Nettie Banks; June L. Barrow; Robert E. Bell; Mary A. Berg; James C. Bright; Margaret Bright; Marlton R. Blake; Dee Bryant; Chester L. Carlisle; Thomas J. Causey; William S. Coale; Charnel W. Currie; James D. Dennis; James H. Dismukes; John Henry Epps, Jr.; Elizabeth R. Gilchrist; Larry Griffin; Nathaniel Houze; George R. Kemp; Doris W. Lassiter; Earline Leachman; Reginald M. Loper; Bernard Lumpkin; Dorothy D. McKenna; Donald Mosley; Edgar D. Mosley; James Terrell Mullis; Cynthia K. Norwood; Hubert L. Paul; Sharon Paul; Henry W. Phillips; Lewis E. Ragland; Norman M. Raley, Sr.; Emmitt E. Robinson, Sr.; Rodney Gayle Schmitz; Nell W. Simmons; Sandra J. Turner; Billy R. Williamson; individually, | * * * * * * * * * * * | |
| Plaintiffs, | * | |
| vs. | * | Civil Action No.: CV-09 - _____ |
| City of Prichard, a Municipality; Ron Davis, individually and in his official capacity as Mayor of the City of Prichard; Napolean Bracy, individually and in his official capacity as a City Council member for the City of Prichard, and as a board member of the City of Prichard Municipal Employees Pension and Relief Fund; Herman Towner, individually and in his official capacity as a City Council member for the City of Prichard, and as a board member of the City of Prichard Municipal Employees Pension and Relief Fund; Earline Martin-Harris, individually and in her official capacity as a City Council member for the City of Prichard; | * * * * * * * * * | |

| | |
|---|---|
| Troy Ephriam, individually and in his official capacity as a City Council member for the City of Prichard, and as a board member of the City of Prichard Municipal Employees Pension and Relief Fund; Ossia Edwards, individually and in her official capacity as a City Council member for the City of Prichard,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

### PARTIES

1.    Plaintiffs are resident citizens of Mobile County, Alabama, and are currently entitled to benefits from the City of Prichard Municipal Employees Pension and Relief Fund ("Pension Fund").

2.    The City of Prichard is a municipality organized under the laws of the State of Alabama, located within Mobile County, Alabama. Notice of this claim has been properly made on the City of Prichard pursuant to Alabama Code § 11-47-192 (1975).

3.    Defendant Ron Davis is the Mayor for the City of Prichard, and a former board member of the Pension Fund.

4.    Defendant Napolean Bracy is the president of the City Council for the City of Prichard, and a board member of the Pension Fund.

5.    Defendant Herman Towner is a member of the City Council for the City of Prichard, and a board member of the Pension Fund.

6.    Defendant Earline Martin-Harris is a member of the City Council for the City of Prichard, and former board member of the Pension Fund.

7. Defendant Troy Ephriam is a member of the City Council for the City of Prichard, and chairman of the board for the Pension Fund.

8. Defendant Ossia Edwards is a member of the City Council for the City of Prichard, and former board member of the Pension Fund.

## COUNT ONE

Come Now the Plaintiffs, by and through counsel, and allege against the Defendants, the City of Prichard, Ron Davis, individually and in his official capacity as Mayor of the City of Prichard, Napolean Bracy, individually and in his official capacity as a City Council member for the City of Prichard, Herman Towner, individually and in his official capacity as a City Council member for the City of Prichard, Earline Martin-Harris, individually and in her official capacity as a City Council member for the City of Prichard, Troy Ephriam, individually and in his official capacity as a City Council member for the City of Prichard, Ossia Edwards, individually and in her official capacity as a City Council member for the City of Prichard, as follows:

1. In approximately 1956, the Alabama Legislature enacted legislation that permitted the City of Prichard to create a pension fund for its employees.

2. Accordingly, and subsequent to that date, the City of Prichard established a fund known as "The Municipal Employees Pension and Relief Fund."

3. Pursuant to the Pension Fund Plan, a board was created known as the "Board of Pensions," hereinafter referred to as the "Board," which was to consist of four members to be selected by the city council of the City of Prichard, and three members elected by the employees of the City of Prichard, which was granted the same ministerial

power as conferred on the city council of the City of Prichard as set forth in the Plan documents.

4. Further, except for individuals employed by the City of Prichard as of February 14, 1956, the Plan required that every present active permanent employee of the City of Prichard was required to come under the provisions and benefits of the Plan, except with regard to elected officials of the City of Prichard, for which the Plan provided certain exceptions and conditions.

5. In October of 1999, the City of Prichard filed a Chapter 9 Voluntary Petition of Bankruptcy in the United States Bankruptcy Court for the Southern District of Alabama, Southern Division, Case Number 99-13465-9-MAM.

6. On October 6, 2000, the Bankruptcy Court entered an Order Approving Disclosure Statement and Confirming Plan of Readjustment of Debts. In said Order, and pertinent to this matter, the Bankruptcy Court ordered the City of Prichard to take the following actions with regard to the Pension Fund:

    a. The City of Prichard was required to continue paying its ten and one-half percent (10.5%) contribution to the Pension Plan,

    b. Beginning in 2009, after the City paid off all pre-petition creditors, the City of Prichard was required to begin to provide an incremental $16,500,000.00 cash infusion into the Pension Plan,

    c. All existing and future pension benefit payments were to be reduced by eight and one-half percent (8.5%), except for those retirees receiving less than $500.00 monthly, or surviving spouses,

-4-

d. The SVC will continue to be used in the retirement calculations for future retirees, with the total calculated pension benefit payment for future retirees being reduced by eight and one-half percent (8.5%),

e. There were to be no further pension increases for retirees based upon wage increases for employees,

f. The Pension Plan assets would continue to be invested in equity securities, except for an amount equal to that to be paid to retirees over the subsequent nine (9) months, which were to be invested in fixed income securities,

g. Retirees were granted the status to petition any court of competent jurisdiction to require the City to fund the Pension Plan in its budget if the proposed budget did not make provisions therein,

h. The City of Prichard would submit for legislative approval the requirement that all employees, other than those paid under temporary grants, elected officials and discretionary hiring up to legislative limit, be required to join the Prichard Pension Plan and make contributions accordingly,

i. The City of Prichard would submit for legislative approval a revision of the make-up of the Pension Board to provide for a majority of retirees and employees versus Council Members on the Pension Board,

j. The City of Prichard would submit for legislative approval for additional changes in the existing Plan, including, without limitation, reversal of the 1991 amendment allowing earlier payments without adjustments (like social security requires), possible changes to the age fifty-five (55) retirement date at one hundred percent (100%), changes to the provisions for future retiree

increases, and other changes in the Pension Plan as may be otherwise necessary to ensure its financial stability. Any such changes must offset revenue against costs to be deemed acceptable to the security of the Plan,

k.  The City of Prichard was to provide for potential annual adjustment to retiree benefits based on Pension Plan earnings. If the earnings will permit a subsequent year decrease in the eight and one-half percent (8.5%) reduction by at least one percent (for example, to seven and one-half percent (7.5%)), then such adjustment will be made effective over the subsequent twelve (12) months. However, if earnings decrease, then there must be a determination made concerning potential further reductions,

l.  The Pension Board was required to provide regular reports attesting to the balance in the Pension Plan with analyses comparing to budget, and make the same data available to both the City Council and Mayor, retirees and employees, along with other data deemed appropriate. An audit shall be done not less that every two years and a copy provided to the Mayor and to the City Council,

m.  The City of Prichard was required to form a Blue Ribbon Committee to petition State and Federal governments for assistance in financially securing the Pension Plan, and to investigate possible other ways to assure the financial security of the Pension Plan, and

n.  The City of Prichard was required to pay back the unpaid contributions to the Pension Fund not made by the City in Fiscal Year 1999, at an eleven percent

Case 09-15000    Doc 10-1    Filed 10/29/09    Entered 10/29/09 16:34:09    Desc Exhibit
Exhibit 1    Page 9 of 17

(11%) interest rate, payable over eight (8) years, beginning in 2001 as provided in the Plan.

7.      Upon information and belief, as of January 1, 2003, the Pension Fund Plan was amended to include Section C., subparagraph 3, in accordance with the Bankruptcy Court's Order dated October 6, 2000, which reads as follows:

> **Increased Payment by City**.  Beginning in 2009 or after all pre-petition creditors have been paid pursuant to the Bankruptcy proceeding of the City of Prichard in the United States Bankruptcy Court for the Southern District of Alabama, Case No. 99-13465, whichever is the last to occur, the City will begin to contribute annually an incremental portion of $16.5 million, with such incremental portion being determined by the Board of Pensions of the City after seeking the advice and counsel of the City Attorney, the Certified Public Accounting firm then providing the financial statements of the Fund, and any qualified actuarial firm.

8.      Further, according to Section XV of the Pension Fund Plan, should the fund be insufficient to pay in full the benefits to those retirees entitled to receive such benefits under the Plan, the City of Prichard is under the legal duty and obligation to make provisions to continue to pay full benefits to said retirees from its then current general revenue funds.

9.      In May of 2008, the City of Prichard received from its attorney notice that the financial stability of the Pension Fund was at risk, and recommended that the City of Prichard immediately take steps towards reducing this risk so as to prevent the Pension Fund from collapsing.

10.     The City of Prichard, Ron Davis, as Mayor of the City of Prichard, and Napolean Bracy, Herman Towner, Earline Martin-Harris, Troy Ephriam, and Ossia Edwards, as City Council Members for the City of Prichard, were under the legal obligation to take such steps to ensure the financial viability of the Pension Fund.

11. The Plaintiffs allege that the Defendants, in their individual capacities as well as in their capacities as alleged in the preceding allegation, were negligent in one or more of the following manners:

    a. By failing to comply with the Bankruptcy Court's Order of October 6, 2000, including, but not limited to, paragraph W(3)(b), which required that the City of Prichard provide an incremental $16.5 million cash infusion into the Pension Plan;

    b. By failing to provide for said incremental payment to the Pension Fund in the 2009 City of Prichard budget, in favor of other, non-bankruptcy ordered expenditures;

    c. By failing to comply with the provisions of the Fund by hiring employees who did not pay into or otherwise participate in the Pension Plan as required by said Plan;

    d. By failing to follow the advice of the City Attorney per his letter to the City Council of May 1, 2008.

12. Plaintiffs further allege that the Defendants engaged in multiple different acts of negligence and/or omissions as set forth above occurred each time that the City Council met, since May 1, 2008, which constitutes separate and distinct causes of action against each said defendant.

13. As a proximate consequence of said negligence, the Plaintiffs have been caused to suffer, and will suffer in the future, actual damages to their pension plan, which ultimately has resulted or will result in the future with each of the Plaintiff's having their monthly checks either reduced, or eliminated entirely.

Wherefore, premises considered, Plaintiffs demand judgement against said Defendants in Count One of this complaint for compensatory damages in an amount to be determined by a jury, plus interest and costs.

## COUNT TWO
**(Declaratory Judgment)**

Come Now the Plaintiffs, by and through counsel, and allege against the Defendant, the City of Prichard, the following:

1. Plaintiffs re-allege and incorporate herein all of the preceding allegations, and further alleged as follows:

2. The City of Prichard has failed to comply, and has repeatedly refused to comply with the October 6, 2000, Bankruptcy Court Order in several respects, including the failure to include in its annual budget for 2009 the incremental payment to the Pension Fund in the amount of $16.5 million.

3. The Plaintiffs, pursuant to the specific provisions of said Order, have standing to bring this action to enforce the Bankruptcy Court's Order in this respect.

4. The City of Prichard is legally obligated to make provisions for the payment of the Pension Fund liabilities to the retirees, if the amount of money in the Fund is insufficient to pay said liabilities.

5. The City of Prichard has stated, through its City Council Members, among others, that the amount of the Fund is insufficient to pay the liabilities of the Fund, but no provision has been made to either accept said liabilities, or to pay the incremental payments of $16.5 million into the fund.

6. Plaintiffs further allege that they have, on behalf of all retirees, demanded that the City of Prichard pay said incremental payment, and therefore comply with the Bankruptcy Court's Order, but the City of Prichard has not responded. Therefore, an actual dispute between the Plaintiffs and the City of Prichard exists.

7. Accordingly, Plaintiff requests this Court to enter an Order declaring that the City of Prichard has failed to comply with Bankruptcy Court's Order of October 6, 2000, specifically, that the City of Prichard has failed to provide for the appropriate incremental $16.5 million payment to said fund, and due to its refusal to comply with said order, Plaintiffs request that this Court reduce said Order to final judgement against the City of Prichard, with said judgment becoming the property of the Pension Fund, and to be used in accordance with the Plan documents for the benefits of all retirees of the Plan, including the Plaintiffs herein.

Wherefore, the Plaintiffs respectfully request this Court to accept jurisdiction of this matter, and enter the following orders and judgment:

A. Enter an Order finding the City of Prichard has failed to comply with the Bankruptcy Court's Order of October 6, 2000, by failing to provide for an incremental payment of $16.5 million to the Pension Fund.

B. Upon finding that the City of Prichard has failed to comply with said Order, enter judgment against the City of Prichard for $16.5 million.

C. An award of attorney fees and costs against the City of Prichard and in favor of the Plaintiffs in this matter for the City's failure to comply with the Bankruptcy Court's Order requiring said payment as set forth above.

## COUNT THREE

Come Now the Plaintiffs, by and through counsel, and allege against the Defendants, Napolean Bracy, individually and in his official capacity as a Board of Pensions member of the City of Prichard Municipal Employees Pension and Relief Fund, Herman Towner, individually and in his capacity as a Board of Pensions member of the City of Prichard Municipal Employees Pension and Relief Fund, and Troy Ephriam, individually and in his official capacity as a Board of Pensions member of the City of Prichard Municipal Employees Pension and Relief Fund, as follows:

1. Plaintiffs re-allege and incorporate herein all of the preceding allegations, and further alleged as follows:

2. The Defendants owed a fiduciary duty to the Plaintiffs and the Pension Fund that required them to put the Pension Plan's interest, and thus the Plaintiffs' interest, ahead of all other interest, including the City of Prichard's interest, notwithstanding the fact that each of the Defendants were also City Council Members for the City of Prichard.

3. During the past several months, and since the date that the City of Prichard failed to include the incremental $16.5 million cash payment in its annual budget, the defendants have had the opportunity to take action against the City of Prichard, including but not limited to formally demanding that the City of Prichard comply with the Bankruptcy Court's October 6, 2000, Order during its weekly meetings.

4. Nonetheless, and contrary to repeated request by other board members and retirees, the Defendants have failed to take any action against the City of Prichard, as they themselves are City Council members for the City of Prichard, which creates a clear

-11-

conflict of interest on the Defendants' part relative to any issue concerning the City of Prichard's failure to comply with said Order of the Bankruptcy Court.

5. Plaintiff's allege that the Defendants were negligent and breached their fiduciary duties to the Plaintiffs in one or more of the following manners:

a. By failing to recuse themselves from all votes and discussions concerning the City of Prichard's failure to abide by the Bankruptcy Court's Order of October 6, 2000;

b. By failing to select a replacement board member to act in each of the Defendant's place, due to the clear conflict of interest of each of the Defendants as to this issue, so as to properly address the City of Prichard's failure to comply with the Bankruptcy Court's Order of October 6, 2000;

c. By failing to perform its duties and obligations, as required by the Bankruptcy Court's Order dated October 6, 2000, which required the Defendants, as members of the Board of Pensions of the City of Prichard, to determine the amount of the incremental payment that the City of Prichard would be required to pay into the Fund, after seeking the advice and counsel of the City Attorney, the Certified Public Accounting firm then providing the financial statements of the Fund, and any qualified actuarial firm, and thereafter making a formal demand to the City of Prichard that said payment be made into the Fund in a timely fashion.

d. By failing to take action against the City of Prichard upon learning that the City of Prichard failed to include the incremental payment of $16.5 million in the City of Prichard's budget, including, but not limited to, filing suit against

the City of Prichard to enforce the Bankruptcy Court's Order of October 6, 2000, and/or obtaining a judgment against the City of Prichard for its refusal to comply with said Order.

6.  As a proximate consequence of said wrongful conduct, the Plaintiffs have been caused to suffer, and will suffer in the future, actual damages to their pension plan, which ultimately results or will result with each of the Plaintiff's having their monthly checks either reduced, or eliminated entirely.

Wherefore, premises considered, Plaintiffs demand judgement against said Defendants in this Count for compensatory damages in an amount to be determined by a jury, plus interest and costs.

<u>PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY</u>.

**MILLER & HEDGE, P.C.**
Attorneys for Plaintiffs

 /s/ **Robert J. Hedge**
ROBERT J. HEDGE (HED003)
Post Office Box 2232
Mobile, Alabama 36652
Telephone: (251) 432-8844
Facsimile: (251) 432-8555
Robert@millerhedge.com

**R. JEFFERY PERLOFF, P.C.**
Attorneys for Plaintiffs

 /s/ **R. Jeffery Perloff**
R. JEFFERY PERLOFF (PER033)
1904 Dauphin Island Parkway
Mobile, Alabama 36605
Telephone: (251) 478-6899
Facsimile: (251) 478-7198
Jperlofflaw@hotmail.com

Defendants May be Served by Certified Mail,
Return Receipt Requested, at the following addresses:

City of Prichard
c/o City Clerk
216 E. Prichard Avenue
Prichard, AL 36610

Ron Davis
c/o City Clerk
216 E. Prichard Avenue
Prichard, AL 36610

Napolean Bracy
c/o City Clerk
216 E. Prichard Avenue
Prichard, AL 36610

Herman Towner
c/o City Clerk
216 E. Prichard Avenue
Prichard, AL 36610

Earline Martin-Harris
c/o City Clerk
216 E. Prichard Avenue
Prichard, AL 36610

Troy Ephriam
c/o City Clerk
216 E. Prichard Avenue
Prichard, AL 36610

Ossia Edwards
c/o City Clerk
216 E. Prichard Avenue
Prichard, AL 36610