IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| In re: | ) | |
| **CITY OF PRICHARD, ALABAMA,** | ) | **Case No.:**   **09-15000** |
| | ) | **Chapter 9 Proceeding** |
| Debtor. | ) | |

## OBJECTION TO MOTION FOR RELIEF FROM STAY

COMES NOW the City of Prichard, Alabama, the Debtor in the above-styled case (the "City" or "Prichard"), and files this Objection to Motion for Relief from Stay (the "Objection"). In support of its position, by and through counsel, the Debtor states as follows:

### BACKGROUND

1. Currently pending before this Court is a Motion for Relief from Automatic Stay (the "Motion") filed on October 29, 2009 by certain Plaintiffs in pending litigation.

2. The relief sought in the Motion against the Debtor would be a severe impediment to the reorganization efforts of the Debtor and cause substantial harm, and as a result the Motion is due to be denied.

**A.** **Procedural Posture.**

3. October 27, 2009, (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 9 of title 11 of the United States Code, 11 U.S.C. §§ 101 - 1532 (the "Bankruptcy Code").

4. The Debtor is operating and managing its affairs as debtor-in-possession pursuant to Chapter 9 of the Bankruptcy Code. No trustee, committee, or examiner has been appointed in the Debtor's case.

**B.     City of Prichard Background and General Information**

5. Prichard is incorporated and existing under the laws of the State of Alabama. Prichard is located in Mobile County and covers approximately 25.4 square miles. The population of the city is approximately 25,000 people. The city clerk's office is located at 216 East Prichard Avenue.

6. Prichard previously was a debtor in a chapter 9 proceeding and successfully exited such proceeding approximately eight years ago.

7. Prichard's economic fortunes have continued to decline and it finds itself unable to adequately address all of its outstanding financial obligations.

**C.     Financial Performance**

8. Prichard's net revenues in fiscal year 2009 were approximately $10.1 million dollars. The net operating expenses for fiscal year 2009 were approximately $10.7 million dollars.

9. The Debtor is subject to a number of extraordinary financial claims against it, as well as, the above noted deficiency in its pension funds.

## STANDARDS FOR OPPOSING RELIEF FROM STAY

10. Section 362(d) of the Bankruptcy Code generally provides the grounds upon which a stay of relief may be granted.

11. In the instant case, Section 362(d) tests under lack of equity, in single asset real estate cases, or *in rem* relief are inapplicable.

12. Consequently, the only grounds upon which this Court could grant relief is "for cause" pursuant to Section 362(d)(1).

13. In the instant case, "cause" simply does not exist at this time which would merit the Court's granting relief from the automatic stay.

14. In the Motion, the petitioners seek relief to continue state court litigation involving claims against the City and its officials who are acting in the line and scope of their duties regarding the management of the City's existing pension plan.

15. In fact, in the litigation the Plaintiffs merely seek compensatory relief and injunctive relief from an order of this court entered in its prior bankruptcy.

16. As noted above, one of the principal causes for this bankruptcy is the widely reported lack of sufficient funds in the account maintained for the benefit of pensioners.

17. The City does not hide from its liabilities nor does it hide from the fact that it wishes it could make all its due and owing payments to its existing pensioners.

18. Simply stated, the very reasons for this bankruptcy are substantially in order to be able to allow the City to restructure its finances and seek a negotiated resolution regarding its obligations for pension liability. The City needs a payment structure which will allow the City to continue to operate and provide services and provide some ongoing benefits to its pensioners.

19. Absent an agreement, there simply are demands, as sought by the pensioners, for monies that the City simply does not possess.

## **SUBSTANTIAL HARM TO CITY**

20. The prospect of defending the litigation which is identified in the Motion will do substantial harm to the City. The harm to this City comes in many forms.

   a. The City's limited personnel resources will undoubtedly be called upon to have to provide time and attention not only to the pending Chapter 9 proceeding, but, the petitioners' litigation over substantially the same issues and questions regarding finances, ability to pay and prospects for future payments.

   b. Contrary to the assertions found in the Motion, there is not insurance coverage for the claims asserted in the state court litigation. Although insurance is currently paying state court counsel for the defense of that litigation, such defense is taking place pursuant to a reservation of rights letter.

   c. Requiring the City to have multiple representations in both the bankruptcy court and state court over similar issues will be substantial financial burden and one which the City simply cannot afford.

21. Another important fact to recognize is the state court venue simply cannot resolve all issues regarding the Debtor's pension program.

   a. As noted in the Motion, not all the pensioners have joined in this suit currently pending in state court.

   b. Not only do all retired pensioners have claims related to the City's pension funds, but also current employees have related claims.

   c. There is a disparity of facts between pensioners and current employees which make it impractical for the state court litigation to adequately address all the concerns and fashion an appropriate remedy. In contrast, the Bankruptcy Court is uniquely positioned to be able to craft a remedy which will combine and similarly treat all persons who may have claims on the pension fund and the City.

22. This Court should recognize the provisions of Section 922 of the Bankruptcy Code extend the breadth of the automatic stay's enforcement from not only that of the Debtor,

but to all officers of the Debtor where parties seek to enforce a claim against the Debtor. As such the claims against the individuals as asserted in the Motion are also barred and precluded by the provisions of the automatic stay.

23. A final important fact is the recitation in Motion that purports to only seek to liquidate the claims against the City. In addressing these fiscal issues, the City states:

> a. The current pension documents indicate that not only are monies owed to its pensioners from the pension fund but there exists obligation to its current employees from this fund.
>
> b. If the City is determined to owe funds, that amount owed can be reasonably calculated, but not fixed given the nature of pensions and how pension are paid under the City's pension plan. Specifically, since each pensioner continues to receive benefits until death, the best that can be accomplished by the City is an estimation of claims.
>
> c. This Court, through long experience and sophistication, has a unique ability to assist the parties in identifying and estimating the claims of the pensioners over a similarly situated state court judge. As such, the Debtor notes that this Court is in the best position to assist the parties and identify claims that the City may owe and bring those claims to a posture where they can be paid.

## **LEGAL ARGUMENT**

24. In using the "for cause" standard, this Court is called upon to balance the equities and interests of the parties. *See*, *In re: Carraway Methodist Health Systems*, 355 B.R. 853 (Bkrtcy. N.D. Ala. 2006); *In re:* Mack, 347 B.R. 911 (Bkrtcy M.D. Fla. 2006) In the instant case, such a balancing clearly weighs in favor of the City.

25. As noted above, the City will clearly be prejudiced to have to fight the same fight in multiple forums. The risk of disparate treatment of the claims of similarly situated claimants arising from competing court orders is substantial.

26. On the other hand, in contemplating the remedies sought by the petitioners in their Motion, it is important to restate that they essentially seek two remedies. First, the petitioners seek injunctive relief for the City's purported violation **OF THIS COURT'S ORDER** confirming the prior plan of reorganization. Second, the petitioners seek compensatory relief for the monies that are due and owing them by the Debtor under the pension plan. These monies, if they are owed, and the amounts are within the sphere of this Court's expertise and ability to resolve. As previously noted, the state court action has just gotten under way. There has been limited written discovery and no deposition or expert discovery that has taken place in any fashion. This is not a case where the City has sought to stay a lawsuit on the eve of trial. Simply put, there is no prejudice to the Movants in hearing their claim before this Court.

## SUMMARY OF ARGUMENT

27. In summary, the City recognizes that it cannot pay all of its debts as they come due, hence the bankruptcy. As noted in its pleadings, a significant portion of the City's financial problems arises under the existing pension plan. This Court is a proper place to resolve those issues. The granting of relief from stay will not assist this Court in fashioning a mechanism for payment of those claims, and will simply serve as a distraction and needless waste of judicial resources and the resources of the City in addressing the claims of the Plaintiffs in multiple venues.

WHEREFORE, premises considered, the City respectfully requests the Court enter an order denying the Motion and for such further or additional relief as the Court may require.

Respectfully submitted this 13th day of November, 2009.

                                            R. Scott Williams
                                            Latanishia D. Watters
                                            Counsel for
                                            the City of Prichard, Alabama

**Of Counsel:**
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Phone:  205.251.1000
Fax:  205.324.1133


C. Michael Smith
Suzanne Paul
Paul and Smith, P.C.
150 South Dearborn St.
Mobile, Alabama 36602
paulandsmithpc@earthlink.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically served this the 13th day of November, 2009 in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case and by United States Mail, postage prepaid and properly addressed as follows:

Travis M. Bedsole, Jr.
Bankruptcy Administrator
P.O. Box 3083
Mobile, Alabama 36652-3083

Robert J. Hedge
R. Jeffery Perloff, P.C.
Post Office Box 2232
Mobile, Alabama 36652

Lawrence B. Voit
Silver Voit & Thompson, P.C.
4317-A Midmost Drive
Mobile, Alabama 36616-5589

_____
Of Counsel

3352220_1