IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 2009-15000 |
| | * | |
| City of Prichard, | * | CHAPTER 9 |
| | * | |
| Debtor. | * | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## FILED BY THE STATE OF ALABAMA EX REL. JOHN M. TYSON,
## DISTRICT ATTORNEY FOR THE THIRTEENTH JUDICIAL CIRCUIT OF
## ALABAMA (MOBILE COUNTY)

**COMES NOW** the State of Alabama ex rel, John M. Tyson, District Attorney for

the 13th Judicial Circuit of Mobile County, Alabama and moves this Honorable Court for

relief from the automatic stay regarding the City of Prichard, Debtor. In support thereof,

the State of Alabama would respectfully show as follows:

1. Over the last ten years the State of Alabama has filed approximately 393

forfeiture cases under §20-2-93 of the Code of Alabama (1975), in the Circuit Court of

Mobile County on behalf of the city of Prichard.

2. Section 20-2-93 of the Code of Alabama (1975) is the statute under which the

State seeks condemnation of assets (property and currency) seized by law enforcement on

the ground that they have been used in the commission of offenses proscribed by the laws

governing controlled substances. Proceedings under Section 20-2-93 of the Code of

Alabama (1975) are *in rem*.

3. Of the 393 such cases filed by the State on behalf of the City of Prichard,

approximately 19 are pending; and 2 of the pending cases have been adjudicated but the

judgments are not final because the City of Prichard has failed to comply with the orders

of the Circuit Court requiring the Prichard Police Department to deliver the subject

property or currency to various parties and/or to the Circuit Clerk for payment of court costs and distribution according to the terms of the order.

4. The City of Prichard has no statutory authority to initiate drug-related condemnation suits under this section and therefore has no standing to proceed under this section. It is the State of Alabama which is the proper entity with standing to bring forfeiture suits. See State v. Property at 2018 Rainbow Drive, 740 So. 2d 1025 (Ala. 1999).

5. Further, due process requires the prompt initiation of forfeiture proceedings and unless and until an order of the Circuit Court is entered awarding title of the seized property to the State of Alabama, by and through the City of Prichard (as one of the agencies participating in the investigation), the property belongs neither to the State of Alabama nor to the City of Prichard. See §20-2-93 (b) , (c), (d), (e) of the Code of Alabama (1975).

6. The property taken or detained under Section 20-2-93 is not subject to replevin, but is deemed to be in the custody of the State, County or municipal law enforcement agency subject only to the orders and judgment of the Court having jurisdiction over the forfeiture proceedings. See §20-2-93 of the Code of Alabama (1975).

7. Since August 2009, the State of Alabama, through the representatives of the District Attorney, has been unable, despite numerous attempts, to effectively communicate with representatives of the City of Prichard Police Department concerning the status of these forfeiture suits, the status of the properties in issue, and the Circuit Court's orders.

8. The State of Alabama requests the stay be lifted as to all *in rem* forfeiture proceedings which involve properties that do not belong to the City of Prichard and are within the jurisdiction of the Circuit Court of Mobile County, Alabama as a result of suits filed by the State of Alabama on the City of Prichard's behalf as a result of seizures by the Prichard Police Department under §20-2-93 of the Code of Alabama (1975).

9. Attached is a list of the pending forfeiture cases involving properties seized by agents of the Prichard Police Department and of which the City of Prichard is deemed to be in custody. The list includes properties identified by Prichard Police Department as having been seized under §20-2-93 of the Code of Alabama (1975) in paperwork submitted to the Mobile County District Attorney's Office. Also attached are the complaints and orders of the court in the matters that were adjudicated but as to which there has been no final disposition of the property according to the court's orders.

**WHEREFORE** the premises considered, the State of Alabama would respectfully request this Honorable Court lift, modify or terminate the automatic stay now in force and effect in order that the State of Alabama be allowed to comply with the due process requirements of Alabama Code §20-2-93 and dispose of the pending forfeiture actions as required under Alabama law and/or in the alternative, order the City of Prichard to produce an accounting of the listed assets and preserve said property until such time as it is deemed just to proceed with these cases.

Respectfully submitted,

*Adero J. Marshall*

ADERO J. MARSHALL
Assistant District Attorney
Mobile County District Attorney's Office
Mobile Co. Government Plaza
205 Government Street, Suite C-501
Mobile, AL 36644-2501
(251) 574-8400

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have served a true and correct copy of the foregoing document upon the following, by placing the same in the U.S. mail, properly addressed and first class postage, this the 3rd day of February, 2010.

C. Michael Smith, Esq.
150 Dearborn Street
Mobile, AL 36602
Attorney for the City of Prichard

ADERO J. MARSHALL
Assistant District Attorney

STATE OF ALABAMA        *
   ex rel JOHN M. TYSON, JR.    *
   District Attorney for the      *
   13th Judicial Circuit of       *
   Alabama (Mobile County),     *
          Plaintiff,         *
                         *

VS.                         *       cv 08-298 RHS
                         *

$1,800.00, Seized from PAUL BURKE   *
         Respondent.       *

## COMPLAINT

**COMES NOW,** the State of Alabama, by and through John M. Tyson, Jr., District Attorney for the 13th Judicial Circuit of Alabama (Mobile County), and shows the following unto this Honorable Court:

(1) That this action is brought pursuant to §20-2-93 of the Code of Alabama (1975), in order to forfeit to the State of Alabama lawful United States currency in the amount of One Thousand Eight Hundred and No/100 Dollars ($1,800.00);

(2) On January 25, 2008, within Mobile County, Alabama, the above described currency was seized by officers of the Prichard Police Department, acting within their capacity as, and in exercise of their official duties as, law enforcement officers of the State of Alabama while conducting an investigation in the area of 2113 Highway 45 in Prichard, which is within Mobile County, Alabama;

(3) That **PAUL BURKE** was in possession of the currency at issue at the time of the incident and the State alleges that the currency at issue was furnished in exchange for a controlled substance in violation of the law of this State, that it is proceeds traceable to such an exchange, and/or that it was used or intended to be used to facilitate the violation of the law of this State concerning controlled substances;

(4) Said currency is presently in the custody of the City of Prichard Police

Department and we respectfully request that if the currency is condemned it be awarded to

the Prichard Police Department in accordance with the Alabama Controlled Substance Act.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this

Honorable Court enter an order declaring said currency be forfeited to the State of Alabama

for disposition as permitted by §20-2-93(a)(4), Code of Alabama (1975). Plaintiff prays for

such other and further relief as it may be deemed entitled by this Honorable Court.

Respectfully Submitted,

SOHAER RIZVI
Assistant District Attorney
Attorney for the Plaintiff
Mobile County Government Plaza
205 Government Street
Suite C-501
Mobile, AL 36644-2501
(251) 574-8400

PLEASE SERVE AS FOLLOWS:

PAUL BURKE
105 NORTH HOBBS
PRICHARD, AL 36610

ELECTRONICALLY FILED
9/21/2009 3:40 PM
CV-2008-000298.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, AL

| | | |
|---|---|---|
| STATE OF ALABAMA | * | |
| ex rel JOHN M. TYSON, JR. | * | |
| District Attorney for the | * | |
| 13th Judicial Circuit of | * | |
| Alabama (Mobile County), | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CV 08-0298 |
| | * | |
| $1,800.00, Seized from PAUL BURKE | * | |
| Respondent. | * | |

## ORDER OF FINAL JUDGMENT

This matter having come before the Court on Plaintiff's complaint for condemnation and forfeiture of lawful U.S. Currency in the amount of One Thousand Eight Hundred and No/100 ($1,800.00), pursuant to §20-2-93 of the Code of Alabama (1975), and the respondent herein, **PAUL BURKE**, having been served with notice of this proceeding on April 8, 2008 and said respondent having failed to answer or to otherwise defend against the complaint in this cause, either in person or through counsel, the Default of **PAUL BURKE** having been duly entered by this Court, on May 12, 2009.

It is therefore ORDERED, ADJUDGED and DECREED:

(1) That the sum of One Thousand Eight Hundred and No/100 ($1,800.00) is hereby declared to be contraband;

(2) That said sum is hereby condemned and forfeited to the State of Alabama, pursuant to §20-2-93 of the Code of Alabama (1975);

(3) That 80 % of said sum is hereby awarded to the Prichard Police Department, 10% of said sum is hereby awarded to the Alabama Department of Forensic Sciences, and 10% of said sum is hereby awarded to the Mobile County District Attorney's Office, pursuant to §20-2-93(e)(2), Code of Alabama (1975), said law enforcement agencies having conducted the investigation or otherwise participated in the case which resulted in the seizure of the currency at issue, and said sum to be used by said agencies for law enforcement purposes;

(4) That the Prichard Police Department, which currently has custody of the currency at issue, shall forthwith deposit said sum with the Clerk of this Court for distribution, and the Clerk shall distribute said sum as set out herein upon receipt of the currency from the Prichard Police Department;

(5) That the State of Alabama, through the Prichard Police Department, shall dispose of said currency as authorized by §20-2-93 of the Code of Alabama (1975), forty-two days after the date of this Order;

(6) That costs of court in this case are hereby taxed to the Plaintiff, said costs to be deducted from the forfeited sum prior to distribution.

DONE and ORDERED, this the 21 day of Sept, 2009.

ROBERT H. SMITH
CIRCUIT JUDGE

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

STATE OF ALABAMA     *
 ex rel JOHN M. TYSON, JR.  *
 District Attorney for the   *
 13th Judicial Circuit of   *
 Alabama (Mobile County),  *
    Plaintiff,    *
          *
VS.         *  CV_08-\_\_\_\_ MAY
          *
$1,672.00, Seized from TONY OVERSTREET*
    Respondent.   *

### C O M P L A I N T

**COMES NOW,** the State of Alabama, by and through John M. Tyson, Jr., District

Attorney for the 13th Judicial Circuit of Alabama (Mobile County), and shows the following

unto this Honorable Court:

(1) That this action is brought pursuant to §20-2-93 of the Code of Alabama (1975), in

order to forfeit to the State of Alabama lawful United States currency in the amount of One

Thousand Six Hundred Seventy Two and No/100 Dollars ($1,672.00)

(2) On September 12, 2008, within Mobile County, Alabama, the above described

currency was seized by officers of the Prichard Police Department, acting within their

capacity as, and in exercise of their official duties as, law enforcement officers of the State of

Alabama while conducting an investigation in the area of Dauphin Street and Claridge Road,

which is within Mobile County, Alabama;

(3) Said seizure was incident to the arrest of **TONY OVERSTREET,** who was found

by officers of the Prichard Police Department to be in possession of Crack Cocaine, a

controlled substance and Reckless Endangerment in violation of §13A-12-212 and §13A-6-

24 of the Code of Alabama (1975);

(4) That **TONY OVERSTREET** was in possession of the currency at issue at the time of the incident and the State alleges that the currency at issue was furnished in exchange for a controlled substance in violation of the law of this State, that it is proceeds traceable to such an exchange, and/or that it was used or intended to be used to facilitate the violation of the law of this State concerning controlled substances;

(5) The State further alleges that on the above listed date, Prichard Officers attempted to stop Respondent for not wearing a seat belt and noise violation at Interstate 65 and Highway 45. Respondent then led Prichard Police Officers on a high-speed chase, which ended in the City of Mobile. During the pursuit, Respondent threw crack cocaine from his vehicle, which was recovered. Respondent had the currency in his pocket in denominations consistent with someone involved in illegal narcotic activity and has no visible means of support.

(6) Said currency is presently in the custody of the City of Prichard Police Department and we respectfully request that if the currency is condemned it be awarded to the Prichard Police Department in accordance with the Alabama Controlled Substance Act.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court enter an order declaring said currency be forfeited to the State of Alabama for disposition as permitted by §20-2-93(a)(4), Code of Alabama (1975). Plaintiff prays for such other and further relief as it may be deemed entitled by this Honorable Court.

Respectfully Submitted,

ADERO J. MARSHALL
Assistant District Attorney
Attorney for the Plaintiff
Mobile County Government Plaza
205 Government Street
Suite C-501
Mobile, AL 36644-2501

**PLEASE SERVE AS FOLLOWS:**
**TONY OVERSTREET**
**4469 WALTER ST.**
**PRICHARD, AL 36613**

ELECTRONICALLY FILED
12/14/2009 8:56 AM
CV-2008-001777.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, A

| | | |
|---|---|---|
| STATE OF ALABAMA | * | |
| ex rel JOHN M. TYSON, JR. | * | |
| District Attorney for the | * | |
| 13th Judicial Circuit of | * | |
| Alabama (Mobile County), | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CV 08-1777 |
| | * | |
| $1,672.00, Seized from TONY | * | |
| OVERSTREET | * | |
| Respondent. | * | |

### ORDER OF FINAL JUDGMENT

This matter having come before the Court on Plaintiff's condemnation and forfeiture of One Thousand Six Hundred Seventy Two and No/100 Dollars ($1,672.00) and respondent herein, **TONY OVERSTREET**, having been served with notice of this proceeding on September 19, 2008 and Respondent having agreed and consented to forfeit the U.S. Currency to the Prichard Police Department.

It is therefore ORDERED, ADJUDGED and DECREED:

(1) That the sum of One Thousand Six Hundred Seventy Two and No/100 ($1,672.00) is hereby declared to be contraband;

(2) That said sum is hereby condemned and forfeited to the State of Alabama, pursuant to §20-2-93 of the Code of Alabama (1975);

(3) That 90 % of said sum is hereby awarded to the Prichard Police Department and 10 % of said sum is hereby awarded to the Mobile County District Attorney's Office, pursuant to §20-2-93(e)(2), Code of Alabama (1975), said law enforcement agencies having conducted the investigation or otherwise participated in the case which resulted in the seizure of the currency at issue, and said sum to be used by said agencies for law enforcement purposes;

(4) That the Prichard Police Department, which currently has custody of the currency at issue, shall immediately deposit said sum with the Clerk of this Court for distribution, and the Clerk shall distribute said sum as set out herein immediately upon receipt from the Prichard Police Department;

(5) That costs of court in this case are hereby taxed to the plaintiff, said costs to be deducted from the forfeited sum prior to distribution.

DONE and ORDERED, this the __14__ day of __December__, 2009.

_____
MICHAEL A. YOUNGPETER
CIRCUIT JUDGE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

STATE OF ALABAMA                                    *
   ex rel JOHN M. TYSON, JR.,                       *
   District Attorney for the                        *
   Thirteenth Judicial Circuit of                   *
   Alabama (Mobile County),                         *

        Plaintiff,                             *

VS.                                                  *      CV 09- 0105

$2,151.00, One Gold Chain with Cross, One Herring*
bone, One Silver Rope Chain, Two Gold ankle bracelets,*
Four Men's rings, Three Ladies Gold rings, One Gold*
Earring, One Gold pendant, One Cross charm, One  *
Silver & Gold Men's watch, One Gold Men's bracelet,*
One GMC Yukon, One Lexus LS400, and One       *
Chevrolet C-1500, Seized from WILLIE BRAXTON,*
III, and Titled to Same, One Mercedes C280, Seized*
  from WILLIE BRAXTON, III and Titled to          *
STANLEY GILDERSLEEVE and WILLIE                     *
BRAXTON, III, One Nissan 200SX, Seized from        *
WILLIE BRAXTON, III, and Titled to WILLIE          *
BRAXTON, JR. and WILLIE BRAXTON, III              *
        Respondents.                           *

## COMPLAINT

Comes now the State of Alabama, by and through John M. Tyson, Jr., District Attorney for the 13th Judicial Circuit of Alabama (Mobile County), and shows the following unto this Honorable Court:

1. That this action is brought pursuant to §20-2-93 of the Code of Alabama (1975) in order to forfeit to the State of Alabama the following:

    (a) Lawful United States currency in the amount of Two Thousand One Hundred Fifty One and No/100 Dollars ($2,151.00);

    (b) One 1994 Blue Yukon, VIN # 1GKEK18K6RJ760182;

    (c) One 1996 White Mercedes C280, VIN # WDBHA28E2TF323669;

    (d) One 1996 Silver Nissan 200SX, VIN # 1N4AB42D3TC507957;

    (e) One 1992 Lexus LS400, VIN # JT8UF11E8N0101311;

    (f) One 1992 Chevrolet C-1500, VIN # 26CEC19K1N1189387; and

    (g) One Gold chain with cross, One Herring bone, One Silver rope chain, Two Gold ankle bracelets, Four Men's rings, Three Gold Ladies rings, One Gold earring, One Gold pendant, One Cross charm, One Silver & Gold Men's watch, and One Gold Men's bracelet.

2. On January 5, 2009, within Mobile County, Alabama, the above described currency, property, and vehicles were seized by officers of the Prichard Police Department, acting within their capacity as, and in exercise of their official duties as, law enforcement officers of the State of Alabama while executing a search warrant at 1026 Josephine Street, which is within Mobile County, Alabama:

3. Said seizure was incident to the arrest of **WILLIE BRAXTON, III**, who was found by officers of the Prichard Police Department to be in possession of Crack Cocaine and Lortab, a controlled substance, in violation of §13A-12-212 and §13A-12-211 of the Code of Alabama (1975) Distribution of a controlled substance;

4. The State alleges that the currency at issue was furnished in exchange for a controlled substance in violation of the law of this State, that it is proceeds traceable to such an exchange, and/or that it was used or intended to be used to facilitate the violation of the law of this State concerning controlled substances;

5. The State further alleges that **WILLIE BRAXTON, III** was in possession of the vehicles at issue at the time of the arrest and that said vehicles were used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of the Alabama Controlled Substance Act and/or is a traceable drug asset;

6. The State alleges that said property was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of the Alabama Controlled Substance Act and/or is a traceable drug asset;

7. The State further alleges that on the above listed date, the One Thousand Four Hundred Seventy and No/100 Dollars ($1,470.00) was found inside a white pill bottle rubber banded together, Seventy and No/100 Dollars ($70.00) found on a dresser, and Six Hundred Eleven and No/100 Dollars ($611.00) contained commingled buy money.

8. Also found during the search warrant were crack cocaine, digital scales, Lortab pills, powder cocaine, and several firearms. The jewelry seized was found inside a wall panel. The respondent admitted he used and sold cocaine and that all vehicles seized were used to buy and transport cocaine.

9. Said currency, property and vehicle are presently in the custody of the Prichard Police Department.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court enter an Order declaring said currency, property, and vehicles to be forfeited to the State of Alabama, then to the Prichard Police Department for disposition permitted by §20-2-93, Code of Alabama (1975). Plaintiff prays for such other and further relief as it may be deemed entitled by this Honorable Court.

Respectfully submitted,

*Adero J. Marshall*

ADERO J. MARSHALL
Assistant District Attorney
Attorney for the Plaintiff
Mobile Co. Government Plaza
205 Government Street, Suite C-501
Mobile, AL 36644-2501
(251) 574-8408

PLEASE SERVE AS FOLLOWS:

WILLIE BRAXTON, III
450 ST. EMANUEL STREET
MOBILE, AL 36001

STANLEY GILDERSLEEVE
1037 JOSEPHINE STREET
PRICHARD, AL 36610

WILLIE BRAXTON, JR.
1940 GRACE STREET
EIGHT MILE, AL 36613

ELECTRONICALLY FILED
10/27/2009 1:25 PM
CV-2009-000105.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

STATE OF ALABAMA EX REL,   )
       Plaintiff,  )
           )
    V.       )  **Case No.:** CV-2009-000105.00
           )
BRAXTON WILLIE III,    )
GILDERSLEEVE STANLEY,  )
      Defendants. )

### ORDER

 This matter was before the Court on a trial on the merits. The defendant and his counsel appeared. The plaintiff's counsel appeared, but no witnesses responded to call. The Court hereby dismisses this action for failure to prosecute, with prejudice. The plaintiff is ordered to return all confiscated items to the defendant's counsel, James Wilson, within fourteen days of this order. Costs are remitted.

DONE this 27th day of October, 2009.

        /s SARAH HICKS STEWART
        ——————————————————

        CIRCUIT JUDGE

*CV00*

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

STATE OF ALABAMA       &ast;
   ex rel JOHN M. TYSON, JR.    &ast;
   District Attorney for the      &ast;
   13th Judicial Circuit of      &ast;
   Alabama (Mobile County),    &ast;
          Plaintiff,      &ast;
                   &ast;
VS.                     &ast;     CV 09- _0281_ JRL
                    &ast;
$938.00, Seized from ELENESTO FOX   &ast;
        Respondent.      &ast;

### C O M P L A I N T

**COMES NOW,** the State of Alabama, by and through John M. Tyson, Jr., District

Attorney for the 13th Judicial Circuit of Alabama (Mobile County), and shows the following

unto this Honorable Court:

(1) That this action is brought pursuant to §20-2-93 of the Code of Alabama (1975), in

order to forfeit to the State of Alabama lawful United States currency in the amount of Nine

Hundred Thirty Eight and No/100 Dollars ($938.00)

(2) On January 28, 2009, within Mobile County, Alabama, the above described

currency was seized by officers of the Prichard Police Department, acting within their

capacity as, and in exercise of their official duties as, law enforcement officers of the State of

Alabama while conducting a traffic stop at Main Blvd. and Broadway Blvd. in Prichard,

Alabama, which is within Mobile County, Alabama;

(3) Said seizure was incident to the arrest of **ELENESTO FOX,** who was found by

officers of the Prichard Police Department to be in possession of Marijuana, a controlled

substance, in violation of §13A-12-213 of the Code of Alabama (1975);

(4) That **ELENESTO FOX** was in possession of the currency at issue at the time of

the incident and the State alleges that the currency at issue was furnished in exchange for a

controlled substance in violation of the law of this State, that it is proceeds traceable to such

an exchange, and/or that it was used or intended to be used to facilitate the violation of the law of this State concerning controlled substances;

(5) The State further alleges that on the above listed date, upon approach, officers observed marijuana on the driver's side floorboard. During an inventory search of the vehicle, officers located a medium sized cellophane bag containing thirty-two small bags of marijuana and a medium bag of marijuana from underneath the dashboard on the passenger side of the vehicle. Once in custody, a search of the respondent revealed a small bag of marijuana inside the respondent's shoe. Respondent admitted he smokes marijuana daily.

(6) Said currency is presently in the custody of the City of Prichard Police Department and we respectfully request that if the currency is condemned it be awarded to the Prichard Police Department in accordance with the Alabama Controlled Substance Act.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court enter an order declaring said currency be forfeited to the State of Alabama for disposition as permitted by §20-2-93(a)(4), Code of Alabama (1975). Plaintiff prays for such other and further relief as it may be deemed entitled by this Honorable Court.

Respectfully Submitted,

ADERO J. MARSHALL
Assistant District Attorney
Attorney for the Plaintiff
Mobile County Government Plaza
205 Government Street
Suite C-501
Mobile, AL 36644-2501
(251) 574-8400

PLEASE SERVE AS FOLLOWS:

ELENESTO FOX
2202 WEST STATION STREET

ELECTRONICALLY FILED
12/7/2009 1:36 PM
CV-2009-000281.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

STATE OF ALABAMA         *
  ex rel JOHN M. TYSON, JR.   *
  District Attorney for the     *
  13th Judicial Circuit of       *
  Alabama (Mobile County),     *
                    *
      Plaintiff,         *
                    *
VS.                   *     CV 09-0281
                    *
$938.00, Seized from ELENESTO FOX   *
      Respondent.       *

### ORDER OF FINAL JUDGMENT

This matter having come before the Court on Plaintiff's condemnation and forfeiture of Nine Hundred Thirty Eight and No/100 Dollars ($938.00) and respondent herein, **ELENESTO FOX**, having been duly served with notice of this proceeding on April 7, 2009, and respondent having agreed and consented to forfeit the U.S. Currency to the Prichard Police Department on this same date;

It is therefore ORDERED, ADJUDGED and DECREED:

(1) That the sum of Nine Hundred Thirty Eight and No/100 ($938.00) is hereby declared to be contraband;

(2) That said sum is hereby condemned and forfeited to the State of Alabama, pursuant to §20-2-93 of the Code of Alabama (1975);

(3) That 80 % of said sum is hereby awarded to the Prichard Police Department, 10% of said sum is hereby awarded to the Alabama Department of Forensic Sciences, and 10 % of said sum is hereby awarded to the Mobile County District Attorney's Office, pursuant to §20-2-93(e)(2), Code of Alabama (1975), said law enforcement agencies having conducted the investigation or otherwise participated in the case which resulted in the seizure of the currency at issue, and said sum to be used by said agencies for law enforcement purposes;

(4) That the Prichard Police Department, which currently has custody of the currency at issue, shall immediately deposit said sum with the Clerk of this Court for distribution, and the Clerk shall distribute said sum as set out herein immediately upon receipt from the Prichard Police Department;

(5) That costs of court in this case are hereby taxed to the plaintiff, said costs to be deducted from the forfeited sum prior to distribution.

DONE and ORDERED, this the 7th day of December, 2009.

JOHN R. LOCKETT
CIRCUIT JUDGE

ELECTRONICALLY FILED
8/18/2009 2:20 PM
CV-2009-901597.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

STATE OF ALABAMA            *
    ex rel JOHN M. TYSON, JR.    *
    District Attorney for the       *
    13th Judicial Circuit of       *
    Alabama (Mobile County),     *
          Plaintiff,           *
                           *

VS.                            *          CV 2009-901597
                           *

$1,372.00, Seized from WILLIE DEANGELO*
THOMAS                          *
          Respondent.        *

## C O M P L A I N T

      **COMES NOW,** the State of Alabama, by and through John M. Tyson, Jr., District Attorney for the 13th Judicial Circuit of Alabama (Mobile County), and shows the following unto this Honorable Court:

      (1) That this action is brought pursuant to §20-2-93 of the Code of Alabama (1975), in order to forfeit to the State of Alabama lawful United States currency in the amount of One Thousand Three Hundred Seventy Two and No/100 Dollars ($1,372.00)

      (2) On July 21, 2009, within Mobile County, Alabama, the above described currency was seized by officers of the Prichard Police Department, acting within their capacity as, and in exercise of their official duties as, law enforcement officers of the State of Alabama while serving Federal arrest warrants for Respondent at 120 E. Peterson Street, in Prichard, which is within Mobile County, Alabama;

      (3) Said seizure was incident to the arrest of **WILLIE DEANGELO THOMAS,** who was found by officers of the Prichard Police Department to have Federal arrest warrants for Conspiracy to Possess with Intent to Distribute Crack Cocaine, Possess with Intent to Distribute Crack Cocaine, Carry/Use of a Firearm in a Drug Trafficking Crime, and Possession of a Firearm by a Convicted Felon.

.      (4) That **WILLIE DEANGELO THOMAS** was in possession of the currency at issue at the time of the incident and the State alleges that the currency at issue was furnished in exchange for a controlled substance in violation of any law of this State, that it is proceeds traceable to such an exchange, and/or that it was used or intended to be used to facilitate any violation of any law of this State concerning controlled substances;

      (5) The State further alleges on the above listed date, Officers assisted in serving a federal arrest warrant on the Respondent. The warrants were for Conspiracy to Possess with Intent to Distribute Crack Cocaine, Possess with Intent to Distribute Crack Cocaine, Carry/Use of a Firearm in Drug Trafficking, and Possession of a Firearm by a Convicted Felon. Respondent is the subject of at least 3 prior forfeiture proceedings and has no visible means of support other than illegal drug sales.

      (6) Said currency is presently in the custody of the City of Prichard Police Department and we respectfully request that if the currency is condemned it be awarded to the Prichard Police Department in accordance with the Alabama Controlled Substance Act.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court enter an order declaring said currency be forfeited to the State of Alabama for disposition as permitted by §20-2-93(a)(4), Code of Alabama (1975). Plaintiff prays for such other and further relief as it may be deemed entitled by this Honorable Court.

Respectfully Submitted,

/S/ ADERO J. MARSHALL
ADERO J. MARSHALL
Assistant District Attorney
Attorney for the Plaintiff
Mobile County Government Plaza
205 Government Street
Suite C-501
Mobile, AL 36644-2501
(251) 574-8400

PLEASE SERVE AS FOLLOWS:

WILLIE DEANGELO THOMAS
Escambia County Jail
316 Court Street
Brewton, AL 36426

ELECTRONICALLY FILED
12/17/2009 2:20 PM
CV-2009-901597.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

STATE OF ALA EX REL JOHN M T )
                Plaintiff )
                              )

        V.                   )    **Case No.:** CV-2009-901597.00
                              )

THOMAS WILLIE DEANGELO )
               Defendant )

### ORDER OF FINAL JUDGMENT

This matter having come before the Court on Plaintiff's complaint for condemnation and forfeiture of lawful U.S. Currency in the amount of One Thousand ThreeHundred Seventy Two and No/100 ($1,372.00), pursuant to §20-2-93 of the Code ofAlabama (1975), and the respondent herein, **WILLIE DEANGELO THOMAS ,** having been served withnotice of this proceeding on August 21, 2009 and said respondent having failedto answer or to otherwise defend against the complaint in this cause, either inperson or through counsel, the Default of **WILLIE DEANGELO THOMAS** having been duly entered bythis Court, on November 19, 2009.

It is therefore ORDERED, ADJUDGED and DECREED:

(1)That the sum of One Thousand Three Hundred Seventy Two and No/100 ($1,372.00)is hereby declared to be contraband;

(2)That said sum is hereby condemned and forfeited to the State of Alabama, pursuant to §20-2-93 of the Code of Alabama (1975);

(3)That 90 % of said sum is hereby awarded to the Prichard Police Department and 10% of said sum is hereby awarded to the Mobile County District Attorney'sOffice, pursuant to §20-2-93(e) (2), Code of Alabama (1975), said law enforcement agencies having conducted the investigation or otherwise participated in the case which resulted in the seizure of the currency at issue, and said sum to be used by said agencies for law enforcement purposes;

(4)That the Prichard Police Department, which currently has custody of the currency at issue, shall immediately deposit said sum with the Clerk of thisCourt for distribution, and the Clerk shall distribute said sum as set outherein immediately upon receipt from the Prichard Police Department;

(5)That costs of court in this case are hereby taxed to the Plaintiff, said costs to be deducted from the forfeited sum prior to distribution.

DONE this 17th day of December, 2009

                        /s JOSEPH S. JOHNSTON
                        _____

                        CIRCUIT JUDGE

1) CV 2006-2829: $2,161.00

2) CV 2006-3463: $2,153.00 and One 1991 Chevrolet Camaro, VIN # 1G1FP23E3ML118680

3) CV 2007-0349: 2,687.00 and One 1998 Chevrolet Silverado, VIN # 2GCEC19R9W1127976

4) CV 2007-2351: One 1989 Chevrolet Van, VIN # 1GBEG25K5K7186964

5) CV 2007-2421: $4,615.00

*6) CV 2008-0298: $1,800.00

7) CV 2008-0328: One Smith & Wesson SW40VE, Serial # RAM0385
One 1989 Dodge Shadow, VIN # 1B3CP44K4KN667897

8) CV 2008-0915: $1,482.00, One Taurus PT 140, .40 Caliber Handgun, Serial # SXG93116, and One Mossberg 12 Gauge Shotgun, Serial # P653841

9) CV 2008-1274: $2,066.57 and Three Gambling Machines

<10) CV 2008-1777: $1,672.00

11) CV 2008-2051: $5,500.00

*12) CV 2009-0105: $2,151.00, One Gold Chain with Cross, One Herring bone, One Silver Rope Chain, 2 Gold Ankle bracelets, 4 Men's Gold Rings, 3 Ladies Gold Rings, One Gold Earring, One Gold Pendant, One Cross Charm, One Silver & Gold Men's watch, One Men's Gold Bracelet, 1994 Blue Yukon, VIN # 1GKEK18K6RJ760182, 1996 White Mercedes Benz C280, VIN # WDBHA28E2TF323669, 1996 Silver Nissan 200SX, VIN # 1N4AB42D3TC507957, 1992 Lexus LS400, VIN # JT8UF11E8N0101311, 1992 Chevrolet C-1500, VIN # 26CEC19K1N1189387

13) CV 2009-900244: $1,094.00 and One Glock Model 23, Serial # HVW852

<14) CV 2009-0281: $938.00

15) CV 2009-901176: $14,758.00 and One Glock Model 23, Serial # DAD550US

16) CV 2009-901348: $1,365.00

17) CV 2009-901414: $5,035.00

18) CV 2009-901457: $13,150.00, One Glock Model 26, Serial # MGA072, One Sentry Safe, One 50" Samsung TV, Serial # PN50A450, One 42" LG LCD TV, Serial # 709MXYG2M842, One 46" Toshiba TV, Serial # AM95034204, One Toshiba DVD Player, Serial # EC101269271

<19) CV 2009-901597: $1,372.00

**LEGEND:**

    **\* Case adjudicated, failure to comply with Order**

    **< Case adjudicated, Order signed after notice of Bankruptcy filing**