# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

In re:  )
  )
**CITY OF PRICHARD, ALABAMA**  )  **Bankruptcy Case No.: 09-15000**
  )  **Chapter 9 Proceeding**
  Debtor.  )

---

## DISCLOSURE STATEMENT OF CITY OF PRICHARD

---

May 19, 2010

**Counsel for Debtor:**
Of Counsel:
R. Scott Williams
Latanishia D. Watters
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Phone: 205.251.1000
Fax: 205.324.1133
rsw@hsy.com
ldw@hsy.com

C. Michael Smith
Suzanne Paul
Paul and Smith, P.C.
150 South Dearborn St.
Mobile, Alabama 36602
paulandsmithpc@earthlink.net

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

In re:                              )
                                    )
CITY OF PRICHARD, ALABAMA           )      **Bankruptcy Case No.: 09-15000**
                                    )      **Chapter 9 Proceeding**
            Debtor.                 )

---

## DISCLOSURE STATEMENT OF CITY OF PRICHARD, ALABAMA

---

The City of Prichard, Alabama by and through its counsel, files this Disclosure Statement ("Disclosure Statement") in support of the contemporaneously filed Plan of Adjustment (the "Plan") pursuant to § 1125 of Chapter 11, Title 11 of the United States Code, 11 U.S.C. § 101, *et. seq.* (the "Bankruptcy Code").

Included in this Disclosure Statement is a Plan Summary which provides a significant amount of information regarding the implementation of the Plan. You are urged to read this Disclosure Statement in order to understand all of the operative terms and conditions and in order to have a fully informed vote on the Plan.

## CONCEPT OF THE DISCLOSURE STATEMENT
## AND PLAN OF ADJUSTMENT

This Disclosure Statement provides information in support of the orderly administration of the assets and the distribution of the available proceeds to holders of Allowed Claims contemplated by the Plan.

# ARTICLE I:  DEFINITIONS

The terms used herein shall have the meanings, unless the context clearly requires otherwise, of the definition provided for such terms in the contemporaneously filed Plan.

# ARTICLE II:  RULES OF INTERPRETATION;
# COMPUTATION OF TIME AND GOVERNING LAW

**A.     Rules of Interpretation.**

For purposes of this Disclosure Statement (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) any reference in this Disclosure Statement to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any reference in this Disclosure Statement to an existing document or Exhibit Filed or to be Filed means such document or Exhibit, as it may have been or may be amended, modified or supplemented from time to time pursuant to this Disclosure Statement; (d) unless otherwise specified herein, any reference to an entity as a holder of a Claim include that entity's successors, assigns and affiliates; (e) unless otherwise specified, all references in this Disclosure Statement to Articles and Sections are references to Articles and Sections of or to this Disclosure Statement; (f) unless otherwise specified, all references in this Disclosure Statement to Exhibits are references to Exhibits of or to the Plan; (g) the words "herein" or "hereto" refer to this Disclosure Statement in its entirety rather than to a particular portion of this Disclosure Statement; (h) captions and headings to Articles, Sections and Exhibits are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretations

of this Disclosure Statement; and (i) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply.

To the extent the Disclosure Statement and Plan are inconsistent, the terms of the Plan shall control.

**B.      Computation of Time.**

In computing any period of time prescribed or allowed by the Disclosure Statement or the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

**C.      Governing Law.**

Except to the extent that the Bankruptcy Code or Bankruptcy Rules are applicable, and subject to the provisions of any contract, instrument, release or other agreement or document entered into in connection with this Disclosure Statement, the rights and obligations arising under this Disclosure Statement shall be governed by, and construed and enforced in accordance with, the laws of the State of Alabama.

## ARTICLE III: DISCLAIMER

This Disclosure Statement is a solicitation of the Debtor only.  It is not a solicitation of its attorneys, accountants, agents or servants, and representations made herein are those of the Debtor and not of the Debtor's attorneys, accountants, agents or servants, except as otherwise stated.  The financial information contained herein has not been subject to an audit.

## IV: THE DEBTOR

The Debtor is an Alabama municipality which filed for protection under Chapter 9 of the Bankruptcy Code on October 27, 2009.  The Chapter 9 case is currently pending before the

Honorable William S. Shulman, United States Bankruptcy Judge, Case No 09-15000. Since the Filing Date, the Debtor has continued to operate and provide city services.

A.      **Events Leading to Chapter 9 Filing**

During the summer of 2009, the Debtor's faced increasing pressures regarding its operational budget and its pension reserves from which it paid its pension obligations to former employees. In the summer of 2009, the City took dramatic steps to reduce its operating budget to be able to provide basic city services without operating the City at a deficit. Contemporaneously, the City's pension obligations to its retirees were ongoing, but the remaining monies left in the dedicated pension were dramatically dwindling.

The City took steps to authorize the mayor to take on a series of actions to protect the City's intents in the shadow of severe limited financial crisis. Specifically, the City became unable to meet its monthly pension obligations to its retirees in September 2009. Litigation by certain retirees was instituted and lawsuits were brought to bring focus to the problem of the under-funded pension obligations of the City.

Pursuant to the City Counsel's prior authorization, the Mayor authorized the filing the pending Chapter 9 proceeding on October 27, 2009. The Mayor's stated objective is to both address the outstanding operational issues and the City's under-funded pension obligations.

B.      **Events Arising Subsequent to the Petition Date**

After the filing of the petition, by and through counsel, the City took necessary steps to effectuate a smooth transition and operation under Chapter 9 of the Bankruptcy Code. Various typical pleadings were filed and ruled upon which provided for the City's ongoing operations. In addition, the City successfully objected to a relief from stay motion filed by certain of the City's

pensioners who sought continue their ongoing litigation regarding the City's under-funded pension obligation.

Since the filing, a Creditors' Committee has also been appointment and counsel has been appointed to represent unsecured creditors' interest. After argument and pleadings, the Court authorized the appointment of counsel, but supported the Debtor's position that it is not obligated to pay for the professional fees of the committee. The ruling regarding the Debtor's financial obligations to Committee counsel are currently on appeal.

Through the spring of 2010, the City has worked aggressively to identify its assets and create a realistic budget which provides minimal basic city services. Unfortunately, the City has been unable to resume its ordinary pension payments to its existing pension holders. By and through the contemporaneous Plan of Adjustment, the City will seek to modify certain of its obligations and to provide a mechanism to continue to provide city services to the City's residents and businesses.

### ARTICLE V: EXISTING ASSETS AND REMAINING OPERATING ADMINISTRATIVE EXPENSES

Currently, the Debtor continues to operate as a municipality on behalf of its citizens and claimants.

**A**      **Current Budget**

Recently the City recently adopted a prudent budget for fiscal year 2010. It should be noted that the City's current budget reflects a decrease of 18.54% from the prior year's operating budget.

The City's current budget is believed to be both prudent and provide a balanced approach to meeting the City's ongoing obligations to provide services to its citizens. The budget

represents both revenues and expenditures that are reasonable and necessary for the functions of the City. The City's current budget is attached as Exhibit A.

The City believes that this budget is substantially similar to future budgets that will likely be enacted in the following years as provided for under the Plan. The City does not anticipate either significant revenues or expenditures which would substantially alter this plan and provide for additional resources to pay its creditors. As such, the City believes that the Plan will necessarily be driven by the City resources available in the future and this budget represents a fair and accurate representation of those future City resources.

### B. Pension Assets

As of April 30, 2010, there was $417,099.28 in the dedicated pension fund. These funds represent monies paid in by both current employees and by the City.

Of the monies in the dedicated fund, $124,338.41 is the monies that have been withheld from the wages of the City's existing employees since the filing of the petition. Under the terms of the Plan, these funds, withheld from current employees, will be placed in a separate account for the benefit of the City's current employees and the City's obligations to provide retirement benefits to those employees

### C. Other Assets

The City has existing assets and may acquire surplus assets in the future. In particular, the City currently has a municipal golf course. The City intends to market and hopefully sell this golf course to a third party who will be able to provide upkeep maintenance and provide for the ongoing operation of the golf course. The City is uncertain as to when and how any disposition of this property will take place. It should be noted that the City's golf course if encumbered and as a result, the City believes little, if any, funds will be available from the future disposition and

sale of the City's golf course. If such funds were to become available, these funds would be used to provide for ongoing city services.

## ARTICLE VI: PLAN SUMMARY

The Plan is premised on the necessity to continue to provide essential city services to the residents of the City, the Debtor

**A.     Means of Implementation**

1.     <u>In General</u>.

The Plan provides a mechanism to pay for ongoing city services and to allow for the partial payment of pre-petition obligations.

2.     <u>Classification of Claims</u>.  The following table depicts the classification of Claims against the Debtor:

| Class I | Administrative Claims |
|---|---|
| Class II | Priority Tax Claims |
| Class III | Secured Claim of Commonwealth National Bank |
| Class IV | Secured claim of G.E. Capital |
| Class V | Secured Claim of Regions Bank |
| Class VI | Secured Claim of Yvonne M. Baldwin |
| Class VII | Ordinary Course of Business Claims |
| Class VIII | Ordinary Course of Insured Claims |
| Class IX | Current Vested Employee Pension Claims |
| Class X | Retired Employee Pension Claims |
| Class XI | Non-ordinary Course of Business Claims |

3.    Treatment of Classes

Class I: Administrative Claims.   This class consists of claims arising pursuant to Section 503 of the Code.  As of today's date, the Debtor is current on all of its post-petition obligations arising in its ordinary course of business.  Certain professionals engaged by the Debtor for non-bankruptcy related services shall be timely paid.  Bankruptcy Counsel for the Debtor as of May 1, 2010 has an accrued balance due and owing of fees of approximately $63,206.50.  The Bankruptcy Counsel has been paid $3000.00 that is being held as a retainer to cover expenses.

Class I is unimpaired.

Class II: Priority Tax Claims.   This class consists of tax claims owed to the Internal Revenue Service ("IRS") and the Alabama State Department of Revenue (the "Alabama Revenue Department").  On the petition date, the Debtor had some outstanding tax claims owed to the IRS and the Revenue Department.

Subsequently, the Debtor has paid in full the claims of the IRS and the Alabama Revenue Department and to the Debtor's knowledge is current on all existing tax obligations.  The Alabama Department of Industrial Relations filed a claim which the Debtor has paid in the ordinary course of business.  The Debtor has filed an objection to this claim.   The Debtor  will remain current on all future obligations to it's relevant taxing authorities.

Class II is unimpaired.

Class III: Secured Claim of Commonwealth National Bank.  This class consists of the allowed secured claim of Commonwealth National Bank which is estimated to be $200,000.00 This Claimant holds a Mortgage on certain real property of the Debtor.  The City has made the payments which have become due since the filing of the petition and the obligation is not in

default. Upon confirmation the Claimant's mortgage and other contractual rights shall be reinstated.

Class III is unimpaired.

Class IV: Secured Claim of G.E. Capital. This class consists to the secured claim of G.E. Capital which holds a security interest in a Toro mower. The debt, as of the Petition Date was approximately $10,000.00 and was not in default. Upon confirmation the Claimant's contractual rights will be reinstated and the allowed claim paid per the terms of the contract.

Class IV is unimpaired.

Class V: Secured Claim of Regions Bank. This class consists to the Allowed Secured claim of Regions Bank which claims a security interest in certain equipment related to a paint booth down draft system. The claim is estimated to be $120,000.00 and is not in default. Upon confirmation the contractual rights of the Claimant will be reinstated and the claim paid pursuant to the contract terms.

Class V is unimpaired.

Class VI: Secured Claim of Yvonne M. Baldwin: This class consists of the Claim of Yvonne M. Baldwin. The Claimant in this class filed a claim a secured claim in the amount of $411,776.13 based on a certificate of judgment recorded prior to the Petition Date. The Debtor has objected to this claim on the ground that Alabama Law exempts from levy and execution all property of a municipality used by the City. The City therefore believes the claim to be unsecured since there is no property of the City to which the claim attaches. The claim will be treated as unsecured as hereinafter described. The identify and address of the person or persons identified in this class is attached hereto as Exhibit B-1

Class VI is impaired.

Class VII: Ordinary Course of Business Claims. At the time of the filing of the Petition, the Debtor had certain ordinary course of business claims related to its pre-petition operations. The Debtor believes that it has paid all of such claims and is current on all such obligations. The Debtor proposes to continue to pay such ordinary course of business obligations prior to and subsequent to the Effective Date.

The Ordinary Course of Business claims are unimpaired.

Class VIII: Ordinary Course Insured Claims. Prior to the Petition Date, the Debtor had certain claims against it for which the Debtor had insurance coverage. This insurance coverage covered both the costs of defense and in some cases liability. During the pendency of the bankruptcy, the Debtor has entered into agreements with some of these claimants.

The Debtor proposes that claims for which liability coverage is provided be limited in their recovery to only those insurance proceeds that may be provided pursuant to the Debtor's insurance policies and that such claims shall be barred from any further or additional recovery against the Debtor. The identity and address of the person or persons identified in this class is attached hereto as Exhibit B-2.

Class VIII claims are impaired.

Class IX: Current Vested Employee Pension Claims. This class shall consist of the claims of the current employees of the City for contributions made to the City's existing Pension Plan. The City withholds 5.5 percent of each employees wages each payroll period as each employee's contribution to the existing pension plan. Upon the Effective Date the existing pension plan shall cease for all current employees. A new pension plan for the current employees will be established. The new employee plan will be funded from three sources. First, the 5.5 percent of wages currently being withheld will be paid to into the new plan.

Second, the Debtor shall transfer the funds withheld since the Petition Date from current employee wages and paid into the existing pension plan and shall pay such funds into the new plan. Third, the Excess Retirement Funds, if any, as they are identified below in Class X, shall be paid into the new plan. The identity and address of the persons identified in this class is attached hereto as Exhibit B-3.

Class IX claims are impaired.

### Class X:  Retired Employee Pension Claims.

The City will make distributions to the class of existing pension claims as follows:

The City estimates that approximately $290,000.00 will remain in the existing fund after the withdrawal of the existing employee contributions. On the Effective Date the City will distribute all of these funds, less a $100,000.00 cushion, to this class on a pro rata basis and based upon the existing unpaid pension obligations as of the Effective Date.

After the Effective Date, the City will continue to set aside 10.5% of each payroll. For a period of ten (10) years, the City will pay to each claimant in this class their pension obligation up to a maximum of $200.00 per month per claim.

In the event there are excess funds set aside from the payroll that are more than is necessary to make the monthly payments, these will be deemed Excess Retirement Funds ("Excess Retirement Funds")  The Excess Retirement Funds will be treated as set forth in the description of Class IX claims.

The $100,000.00 cushion will be managed funds held for the benefit of Class X claims. These cushion funds will be used to supplement the monthly payments to the extent the payroll deduction is ever insufficient to fund the monthly payment described above. On the ten year anniversary and termination of the existing plan there shall be a final distribution. The final

distribution shall be to all remaining Class X claimants of the remaining funds. The final distribution shall be on a pro rata basis based upon the accrued but unpaid pension obligation of Class X claimants. The identity and address of the person or persons identified in this class is attached hereto as Exhibit B-4.

The Retired Employee Pensions Claims are impaired

Class XI: Non-ordinary Course of Business Claims. This class shall consist of all other allowed unsecured claims against the Debtor. The Debtor will make an annual payment of $50,000.00 to be distributed pro rata to this class. The initial payment shall be made 180 days after the Effective Date. The payments shall be made annually for a period of five years. The identity and address of the person or persons identified in this class is attached hereto as Exhibit B-5.

4.    No Accrual of Postpetition Interest for Unsecured Claimants  Except as otherwise provided in the Plan, no Claimant of an Unsecured Claim shall be entitled to the accrual of postpetition interest or the payment by the Debtor or the Debtor or their successor of postpetition interest on account of such Claim for any purposes.

Except as otherwise provided in this Plan, no Claimant of an Unsecured Claim shall be entitled to the accrual of postpetition interest or the payment by the Debtor or the Debtor or their successors of postpetition interest on account of such Claim for any purpose.

5.    Reservation of Right to Confirm Plan Through a Cram-Down

Notwithstanding the rejection or deemed rejection of this Plan by any Class of Claims or Equity Interests, the Debtor reserves the right to confirm the Plan in accordance with section 1129(b) of the Bankruptcy Code, the cram-down provision.

6.    Funding of Plan  The Plan will be funded by cash deposits or based on the future revenues of the City.

7.    Distributions under the Plan

(a)    Means of Payment.

Any payment of cash made under the Plan may be made by either check or by wire transfer.  The Debtor shall be entitled to deduct any federal, state or local withholding taxes from any payments under this Plan.  As a condition to making any distribution under this Plan, the Debtor may require that the holder of any Allowed Claim provide such holder's taxpayer identification number and such other certification as may be deemed necessary to comply with applicable tax reporting and withholding laws.

(b)    De Minimis Distributions.

Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent.  No interim Distribution will be made on account of any Allowed Claim if the amount of such Distribution is less that $5.00.  One the Final Distribution Date, the Debtor shall (i) aggregate the amount of all Distributions that would have been made on account of an Allowed Claim but for this de minimis provision and (ii) make a Distribution on account of such Allowed Claim in accordance with the Plan. If a distribution of less than $5.00 (unless such distribution would result in such Claimant being paid in full) is to be made under this Plan, then the holder of the Allowed Claim with respect to which such distribution is to be made shall receive no distribution, but the funds that would have been distributed to such Claimant shall be held by the Debtor in trust for such Claimant until the next Interim Distribution or the Final Distribution, as the case may be, and such withheld distribution shall be aggregated with such next Interim or

Final Distribution when determining the amount to be distributed to such Claimant and whether such distribution is *de minimis*, as provided in this Section.

      (c)     Addresses.

Except as otherwise provided herein, distributions to Claimants of Allowed Claims shall be made: (a) at the addresses set forth on the respective proofs of Claim Filed by such Claimants; (b) at the addresses set forth in any written notices of address change delivered to the Debtor after the date of the Filing of any related proof of Claim; or (c) at the addressed reflected in the Schedules or the exhibits attached to this Disclosure Statement.

      (d)     Undeliverable Distributions.

      (i)     If any Claimant's distribution is returned to the Debtor as undeliverable, no further distribution will be made to such Claimant unless the Debtor is notified in writing of such Claimant's then current address. Undeliverable distributions will remain in the possession of the Debtor until such time as the distribution becomes deliverable. Undeliverable cash will be held in trust for the benefit of potential Claimants of such cash, subject to ultimate distribution in accordance with subsection (ii) below.

      (ii)     Any Claimant of an Allowed Claim who does not assert a right to an undeliverable distribution within six (6) months after any given Distribution or the Final Distribution, as the case may be, will be forever barred from asserting its Claim related to such undeliverable distribution against the Debtor or the Debtor, and such undeliverable distribution shall become available for further distribution in accordance with this Plan. Nothing contained in this Plan shall require the Debtor to attempt to locate any Claimant of an Allowed Claim.

(e)     Compliance with Tax Requirements.

(i)     In connection with this Plan, to the extent applicable, the Debtor shall comply with all tax withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to this Plan shall be subject to such withholding and reporting requirements, and the Debtor shall be authorized to pay excise or other employer-related taxes. The Debtor shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

(ii)     Notwithstanding any other provision of this Plan, each entity receiving a distribution of cash pursuant to this Plan shall have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding and other tax obligations, on account of any such distribution.

(f)     Disputed Claims.

On the Confirmation Date there may exist Claims that are disputed. Within the latter of sixty (60) days after the Confirmation Date, or sixty (60) days after the Filing of a proof of Claim, only the Debtor shall be permitted to file an objection to the allowance of any Claim, and shall prosecute the objection to completion. A Claim which is not an Allowed Claim as of the Confirmation Date, but which becomes an Allowed Claim subsequent to the Confirmation Date will be treated in accordance with this provisions of this Plan. All Disputed Claims which become Allowed Claims will receive their initial distribution on the latter of (i) the first Distribution date, or (ii) the date which the Order allowing their Claim becomes a Final Order.

Property to be distributed under this Plan on account of Claims that are not Allowed Claims as of the Effective Date shall be held in a separately designated account, pending the allowance or disallowance of the Claim. Payments and distributions to holders of Disputed

Claims, to the extent such Claims ultimately become Allowed Claims, will be made from the separately designated account in accordance with this Plan. If any funds remain in the separately designated account after resolution of all objections to the Disputed Claims, such remaining funds shall be distributed in accordance with this Plan.

To the extent that the Debtor has filed a motion to subordinate Claims or any other suit, any distribution that would otherwise be distributable to the respondents or defendants of such motion or suit shall be withheld from distribution in the specially designated account until resolution of such motion, and the right thereto shall be determined by the Court. If the Court determines that such Claims shall be subordinated and such determination becomes a Final Order, the distributions withheld shall be distributed pursuant to this Plan.

(g)     Executory Contracts and Unexpired Leases.

On the Confirmation Date, the Debtor will be deemed to have accepted all executory contracts and unexpired leases not otherwise addressed.

(h)     Conditions and Confirmation.

Except as expressly waived in writing by the Debtor upon written notice filed with the Bankruptcy Court, the following conditions must occur and be satisfied on or before the Effective Date for the Plan to be effective:

1.     The Confirmation Order approving all of the terms and provisions of the Plan shall have been signed by the Bankruptcy Court and duly entered on the docket for the case by the clerk of the Bankruptcy Court.

2.     There shall not be any stay in effect with respect to the Confirmation Order.

3.     The Confirmation Order shall be a Final Order.

(i)     Indemnification Obligations.

For purposes of the Plan, the obligations of the Debtor to defend, indemnify, reimburse or limit the liability of any current and former officers or employees (in their capacity as such) who were officers or employees, respectively, before, on or after the Petition Date against any claims or obligations pursuant to applicable state or federal law or any specific agreement, or any combination of the foregoing, shall survive confirmation of the Plan, remain unaffected thereby, and not be discharged irrespective of whether indemnification, defense, reimbursement or limitation is owed in connection with an event occurring before, on or after the Confirmation Date.

(j)     Modification of Plan.

Subject to the restrictions on modifications set forth in section 942 and 1127(d) of the Bankruptcy Code, the Debtor reserves the right to alter, amend or modify this Plan before its substantial consummation with leave of Court.  After the Confirmation Date, the Debtor may, with approval of the Court, and so long as it does not materially or adversely affect the interest of creditors, remedy any defect or omission, or reconcile any inconsistencies in this Plan, or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of this Plan.

(k)     Revocation of this Plan.

The Debtor reserves the right to revoke or withdraw this Plan prior to the Confirmation Date.  If the Debtor revokes or withdraws this Plan, or if Confirmation does not occur, then this Plan shall be null and void in all respects, and nothing contained in this Plan shall: (a) constitute a waiver or release of any claims by or against the Debtor; (b) prejudice in any manner the rights of the Debtor, the Debtor; (c) constitute an admission by the Debtor of any statements made in

this Plan or the Disclosure Statement; or (d) constitute an agreement of the Debtor to be bound by the terms and conditions set forth in this Plan.

**B.** **Severability of Plan Provisions.**

If, prior to the Confirmation, any term or provision of this Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

## ARTICLE VII: CONFIRMATION OF THE PLAN

**A** **Procedures.**

Holders of claims should carefully read the instructions contained on the ballot, complete, date and sign the ballot and transmit it to the address indicated on the ballot. In order for a vote to be counted, the ballot must be received at the address identified on the ballot not later than the date set by the Court. A class of impaired claims will have to accept the plan by creditors holding two-thirds in amount and more than one-half in number of the allowed claims of such class.

A ballot to be used for voting to accept or reject the Plan is enclosed with all copies of this Disclosure Statement and mailed to creditors entitled to vote. BEFORE COMPLETING

YOUR BALLOT, PLEASE READ CAREFULLY ANY MATERIALS AND INSTRUCTIONS THAT MAY ACCOMPANY THE BALLOT.

**B.      Hearing on the Confirmation.**

A hearing on the adequacy of the Disclosure Statement and the Plan will be held on a date set by the Court.

The City believes that certain creditors are entitled to vote on the Plan. Specifically, the City believes that Claimants under Classes VI, VIII, IX, X, XI are entitled to vote. A ballot to assume or reject proposed treatment under the plan shall be provided to each of the Claimants in the Plan. The list of those receiving ballots are those that are attached in the Exhibits to this Disclosure Statement.

**C.      Consequences of Failure to Confirm Plan.**

In the event the requirements for confirmation of the Plan are not satisfied, the Debtor reserves the right and the opportunity to seek the confirmation notwithstanding an adverse vote in any class of claimants, or to amend the Plan to remedy any deficiency or submit a new plan.


**ARTICLE VIII: TAX ASPECTS OF DISTRIBUTION UNDER THE PLAN**

The Debtor believes that under present laws and regulations there should be no adverse federal income tax consequences affecting the reorganized Debtor arising from the confirmation and performance of the Plan or in connection with the distribution to creditors and interest holders provided by the Plan and other consequences normally related to payment, partial payment, or forgiveness of an obligation by a debtor to a creditor.

THE FOREGOING DESCRIPTION OF FEDERAL INCOME TAX CONSEQUENCES CONCERNS ONLY THE TAX CONSEQUENCES UPON THE DEBTOR AND IS INTENDED MERELY AS AN AID FOR CREDITORS, AND NEITHER THE DEBTOR NOR ITS COUNSEL PROPOSES TO OFFER TAX ADVICE HEREBY TO CREDITORS CONCERNING THE TAX RAMIFICATIONS OF THIS PLAN UPON CREDITORS. THE DEBTOR AND ITS ATTORNEYS DISCLAIM ANY LIABILITY OR RESPONSIBILITY TO CREDITORS REGARDING THEIR OWN TAX MATTERS AND CREDITORS AND INTEREST HOLDERS ARE URGED TO OBTAIN ADVICE FROM THEIR COUNSEL OR ADVISOR REGARDING THE APPLICABILITY OF FEDERAL AND STATE TAX LAWS.

Respectfully submitted this 19th day of May, 2010.

DEBTOR:

CITY OF PRICHARD, ALABAMA

By _____

Its _____

_R. Scott Williams_
_Latanishia D. Watters_
_Counsel for the City of Prichard, Alabama_

Of Counsel:
R. Scott Williams
Latanishia D. Watters
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
Phone: 205.251.1000
Fax: 205.324.1133
rsw@hsy.com
ldw@hsy.com


C. Michael Smith
Suzanne Paul
Paul and Smith, P.C.
150 South Dearborn St.
Mobile, Alabama 36602
paulandsmithpc@earthlink.net

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically served this the 19th day of May, 2010 in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case or by placing a copy of same in the United States Mail postage prepaid and properly addressed as follows:

Robert J. Hedge
Miller & Hedge, P.C.
P.O. Box 2232
Mobile, Alabama 36652

Lawrence B. Voit
Alexander K. Garrett
Silver, Voit & Thompson
4317-A Midmost Drive

Travis M. Bedsole, Jr.,
Bankruptcy Administrator
P.O. Box 3083
Mobile, Alabama 36652-3083
Mobile, Alabama 36609

Richard M. Gaal
McDowell Knight Roedder & Sledge, L.L.C.
P.O. Box 350
Mobile, Alabama 36601

_____
Of Counsel

3507739_1

# EXHIBIT A

**Revenue**

| | | |
|---|---|---:|
| 314 | Fines & Fees | 209,500.00 |
| 332 | Tax & License | 7,034,000.00 |
| 343 | Other Revenue | 1,592,900.00 |
| 361 | Permits & Fees | 47,000.00 |
| 392 | Transfers from Other Funds | 1,345,100.00 |
| 393 | Grants | 1,500.00 |
| 394 | Insurance | 25,000.00 |
| | **Total Revenue** | **10,255,000.00** |

**Expenses**

| | | |
|---|---|---:|
| 511 | City Attorney | 60,000.00 |
| 521 | City Council | 208,150.00 |
| 531 | Judicial | 57,500.00 |
| 532 | Court | 112,200.00 |
| 541 | Mayor | 108,050.00 |
| 542 | Mayor's Office | 94,150.00 |
| 543 | Finance | 157,200.00 |
| 544 | Administrative Support | 118,650.00 |
| 551 | City Clerk | 133,700.00 |
| 571 | Fire Department | 1,261,200.00 |
| 581 | Animal Resources | 84,150.00 |
| 595 | Maintenance | 60,100.00 |
| 601 | Public Works Administration | 88,600.00 |
| 603 | Municipal Services | 186,000.00 |
| 604 | Public Works - Streets | 458,058.00 |
| 609 | Building Inspection | 55,700.00 |
| 611 | Police Administration | 29,600.00 |
| 612 | Radio Room | 280,500.00 |
| 614 | School Traffic Officers | 59,000.00 |
| 615 | Police Officers | 1,378,212.00 |
| 617 | Jail | 30,000.00 |
| 618 | Enviromental Enforcement | 53,589.00 |
| 624 | Parks & Recreation | 101,400.00 |
| 671 | Senior Citizens | 55,250.00 |
| 740 | Economic Development | 27,150.00 |
| 741 | Community Development | 93,400.00 |
| 742 | Storm Water | 65,750.00 |
| 861 | Notes/Leases | 44,000.00 |
| 862 | Insurance | 1,200,000.00 |
| 863 | Real Estate Upleep | 42,000.00 |
| 864 | Oil & Gas Inventory | 250,000.00 |
| 865 | Utilities | 1,015,000.00 |
| 866 | Miscellaneous City Overhead | 1,481,650.00 |
| 868 | Appropriation | 61,200.00 |
| 869 | Budget Reserve | 205,000.00 |
| 869 | Bankruptcy Expenses | 150,000.00 |
| 870 | Other | 183,000.00 |
| 875 | Miscellaneous | 200,000.00 |
| 900 | Public Information | 5,891.00 |
| | **Total Expenses** | **10,255,000.00** |

Prepared by:
R Williams                                               5/19/2010
Case 09-15000    Doc 132    Filed 05/19/10    Entered 05/19/10 16:50:54    Desc Main
Document      Page 26 of 50

# EXHIBIT B-1

| Claimant | Amount |
|----------|--------|
| Yvonne M. Baldwin<br>c/o James H. Starnes<br>P.O. Box 59003<br>Birmingham, Alabama 35259 | $411,776.13 |

# EXHIBIT B-2

| Claimant | Amount |
|---|---|
| Hare Merrial Blayne<br>c/o Edward Massey<br>609 Church Street<br>Mobile, AL 36602 | $5,119.00 |
| James Allen Mims Woodward<br>c/o A. Wesley Pitters<br>1145 South Perry Street<br>Montgomery, AL 36104 | $20,000.00 |
| Terrance O. Dawson<br>P.O. Box 6050<br>Montgomery, AL 36106 | $1 .00 |
| Trudy Tilman<br>2009 Clement Street<br>Mobile, AL 36617 | $1.00 |
| Sharon Millerbar<br>3435 Cantanne Court<br>Whisler, AL 36612 | $1.00 |
| Robert M. Keith<br>c/o Nathan P. Friedlander<br>126 Government Street<br>Mobile, AL 36602 | $50.00 |
| L.C. Walding<br>3711 Traveler Drive<br>Saraland, AL 36571 | $650.00 |
| Barbara Patterson<br>c/o Jeffry N. Gale<br>917 Western American Circle, Suite 205<br>Mobile, AL 36609 | $3,224.00 |
| John C. Owens<br>7650 Dune Drive<br>New Orleans, LA 70128 | $3,000.00 |

| | |
|---|---|
| Seinish O. Bradley<br>c/o James M. Bryd<br>456 Conti Street<br>Mobile, AL 36602 | $80.000.00 |
| Merry Bongardt<br>c/o Tim W. Fleming<br>P.O. Box 40176<br>Mobile, AL 36640 | $2,641.00 |
| Majorie Jones<br>c/o Martin M. Poynter<br>P.O. Box 235<br>Mobile, AL 36601 | $1.00 |
| Eddie Jones<br>c/o Martin M. Poynter<br>P.O. Box 235<br>Mobile, AL 36601 | $1.00 |
| Paul Smith<br>c/o Martin M. Poynter<br>P.O. Box 235<br>Mobile, AL 36601 | $1.00 |
| Joseph Tooney<br>c/o D. Bruce Petway<br>510 Park Place Tower<br>2001 Park Place North<br>Birmingham, AL 35203 | $1.00 |
| Lashanda Williams<br>c/o Richard L. Watters<br>P.O. Box 87<br>Mobile, AL 36601 | $1.00 |
| Samuel Nichols<br>% James M. Byrd<br>456 Conti Street<br>Mobile, AL 36602 | $1.00 |
| Eugene White<br>c/o Eric K. Roberts<br>P.O. Box 180482<br>Mobile, AL 36618 | $1.00 |

| | |
|---|---|
| Valerie E. Goodwin<br>c/o Steven A. Martino<br>P.O. Box 894<br>Mobile, AL 36601 | $1.00 |
| L & J. Dirt, Inc.<br>c/o C. Mark Erwin<br>P.O. Box 1308<br>Mobile, AL 36633 | $1.00 |
| Myrtice Johnson<br>c/o Sonya Ogletree-Bailey<br>4300 Midmost Drive, Suite D<br>Mobile, AL 36609 | $1.00 |
| Estate of Bradley Gerard Stockton<br>c/o Meredity L. Turpin<br>P.O. Box 2925<br>Daphne, AL 36526 | $1.00 |
| Sonya Everett<br>c/o Robert J. Hedge<br>162 St. Emanuel Street<br>Mobile, AL 36602 | $1.00 |
| Estate of Frank McDevitt<br>c/o Mary E. Pitcher<br>Henry Brewster<br>P.O. Box 1051<br>Mobile, AL 36633 | $1.00 |
| Angela Scott<br>c/o P. Dean Waite, Jr.<br>301 St. Louis Street<br>Mobile, AL 36602 | $1.00 |
| University of South Alabama<br>c/o Thomas R. Boller<br>150 Government Street, Suite 1001<br>Mobile, AL 36602 | $99.857.00 |
| Neal Buchnan<br>P.O. Box 10425<br>Prichard, AL 36610-0426 | $65,000.00 |

| | |
|---|---|
| Robert E. Dearmond<br>c/o Gary W. Fillingint, LLC<br>2053 Dauphin Street<br>Mobile, AL 36608 | $100,000.00 |

# EXHIBIT B-3

## LIST OF CURRENT CITY OF PRICHARD EMPLOYEES WHO ARE VESTED ( 20+ YEARS)

**Willie Banks**
**617 Neely Avenue**
**Prichard, Alabama 36610**

**Scott Balzer**
**47553 Phillipville Road**
**Bay Minette, Alabama 36507**

**Nathaniel Doss**
**4522 Charles E. Hall Drive**
**Eight Mile, Alabama 36613**

**Ethel McNeil**
**4538 Charles E Hall Drive**
**Eight Mile, Alabama 36613**

**Maurice Brown**
**1157 Gayle Street**
**Mobile, Alabama 36605**

**Dorothy A. Ferrell**
**4712 Henry Road**
**Eight Mile, Alabama 36613**

**Charles Kennedy**
**5704 Shain Street**
**Mobile, Alabama 36609**

**Linda Lucy-West**
**5300 David Langhan Drive South**
**Mobile, Alabama 36608**

**Lenodora Williams**
**412 North Ann Street**
**Mobile, Alabama 36603**

# EXHIBIT B-4

David Anders
2473 Rothfield Place
Mobile, AL 36605

Sidney C. Anderson
1742 William Carey Drive
Eight Mile, AL 36613

Alfred J. Arnold
911 Summerville Street
Mobile, AL 36617

Jacqueline Arnold
911 Summerville, Street
Mobile, AL 36617

Huey F. Aughtman
First Alabama Bank
P.O. Box 2527
Mobile, AL 36622

Myriam A. Baggett
25733 Lakeland Drive
Loxley, AL 36551

Yvonne M. Baldwin
1911 Via Immaculata
Mobile, Alabama 36605

Nettie J. Banks
6790 Mausap Road
Eight Mile, AL 36613

June L. Barrow
2710 West Road
Mobile, AL 36693

William L. Baugh, Jr.
2691 Milam Road
Wetumpka, AL 36092

Robert E. Bell
1811 Myers Road
Eight Mile, AL 36613

Mary A. Berg
150 S. Monterey Street
Mobile, AL 36604

Emily V. Blackwell
7225 Community Drive
Pensacola, FL 32526

Marlton R. Blake
8725 Anise Road
Eight Mile, AL 36613

Lucile S. Booth
15825 Old Citronelle Road
Citronelle, AL 36522

Dorothy H. Boutwell
3835 Highland Road
Eight Mile, AL 36613

Winston M. Boutwell
1444 Indian Crest
Indian Springs, AL 35124

Willard M. Brunson, Jr.
3620 Ching Dairy Loop Road W.
Mobile, AL 36618

Sarah H. Bryant
122 Autumwood Dr. East
Saraland, AL 36571

Dennis Buxton
68 11th Avenue
Chickasaw, AL 36611

Virginia Calloway
10910 Miller Ct.
Chunchula, AL 36521

Darlene P. Campbell
145 Ed Lawrence Road
Lucedale, MS 39452

James Capara
9 Southern Street
Chickasaw, AL 36611

Chester Carlisle
4381 Gregg Ct
Semmes, AL 36575

Beverly H. Carroll
5656 Bay La Launch Ave.
Orange Beach, AL 36561

Earl Casher
1908 Main Street
Mobile, AL 36617

Thomas J. Causey
1622 Tucker Street
Eight Mile, AL 36613

Daniel Clark, Jr.
c/o Krystal Clark
5669 Woodchase Circle East
Theodore, AL 36582

Krystal Clark
5669 Woodchase Circle
Theodore, AL 36582

William S. Coale
7530 Rosemary Woods Drive
Eight Mile, AL 36613

Joseph C. Crenshaw
7454 Kalioka Road
Saraland, AL 36571

Charnel W. Currie
531 Bayou Sara Avenue
Saraland, AL 36571

Arthur R. Davis
16914 Bridadoon Trail
Gulf Shores, AL 36542

Harold T. Davis
P.O. Box 180908
Mobile, AL 36618


James A. Davis, Jr.
235 Shady Lane
Hazel Green, AL 35750

Melva Davis
319 Court Street
Chickasaw, AL 36611

Norris L. Dearmon
P.O. Box 2102
Semmes, AL 36575

Frank Dees
317 Lilly Street
Prichard, AL 36610

Leo Dement
9140 Spice Pond Road
Eight Mile, AL 36613

James Dennis
26 Ridgeview Drive
Chickasaw, AL 36611

James H. Dismukes
601 Whidden Drive
Satsuma, AL 36572

Mary Dixon
607 Oakmont Street
Saraland, AL 36571

Birdeen W. Donald
4382 Shady Bend Drive
Dallas, TX 75244

Floyd W. Dortch
3591 Ponce De Leon Court
Gulf Shores, AL 36542

Huey P. Dossett
11649 Howells Ferry Road
Semmes, AL 36675

Barbara W. Dreaden
547 N. Shelton Beach Road
Eight Mile, AL 36613

John H. Epps, Jr.
6150 Wilmer Road
Wilmer, AL 36587

Mark Everet, Jr.
4912 North Auburn Drive
Mobile, AL 36618

James D. Fail, Jr.
3021 Firetower Road
Semmes, AL 36575

Vera Farley
651 Gehrig Avenue
Prichard, AL 36610

Ann Finkley
1817 Lucky Avenue
Mobile, AL 36617

Betty J. Fitzgerald
927 Grant Park Drive
Mobile, AL 36606

Lydia W. Fletcher
4528 Brunswicks Drive
Eight Mile, AL 36613

Jule Franklin, Jr.
P.O. Box 180-352
Mobile, AL 36618

Otis Earl Fryer
8918 Howells Court North
Semmes, AL 36575

Arnette Gaddy
P.O. Box 457
Satsuma, AL 36572

George E. Gilbert
929 Paradise Island Drive
Defuniak, FL 32433-7085

Elizabeth R. Gilchrist
8545 Evans Road
Chunchula, AL 36521

Daniel L. Goldman
5654 Dogwood TR
Eight Mile, AL 36613

Larry Griffin
13 Lafayette Drive
Saraland, AL 36571

Aletha V. Gurley
3577 Dauphine Island Parkway
Mobile, AL 36605

Dorothy Hackworth
6950 Remington Drive
Mobile, AL 36618

George L. Haggard
3227 North Graham Road
Mibile, AL 36618

Benjamin Hall
6575 Haggerty Lane
Eight Mile, AL 36613

Lucille Harper
First Alabama Bank
P.O. Box 2527
Mobile, AL 36622

Leola Harris
P.O. Box 66567
Mobile, AL 36660

Wesley Henderson
2357 Octavia Drive North
Mobile, AL 36605

Betty C. Henton
11650 Howells Ferry Road
Semmes, AL 36575

Ted S. Herring
39910 Highway 225
Bay Minette, AL 36507

Andrew G. Hildreth
5456 Racine Ave.
Mobile, AL 36618

Bobby E. Holifield
11663 Tanner Williams Road
Mobile, AL 36608

Nathaniel Houze
210 12th Avenue
Chickasaw, AL 36611

Gloria Howard
13101 B Citronell Road
Chunchula, AL 36521

William E. Howell, Jr.
166 E. Pine Avenue
Satsuma, AL 36572

Vurnel Hunt
6070 B St. John Chapel Road
Eight Mile, AL 36613

Thomas C. James
315 Valley Road
Chickasaw, AL 36611

Susan R. Jernigan
314 Handley Avenue
Whistler, AL 36612

Jimmie Lee Johnson
623 Neeley Avenue
Prichard, AL 36610

Ellen Joiner
First Alabama Bank
P.O. Box 2527
Mobile, AL 36622

Abraham Jones
626 S. Williams Street
Prichard, AL 36610

Eddie Lee Jones
5520 Vanderbilt Drive N.
Mobile, AL 36608

Malachi Jones
1622 W. Main Street
Prichard, AL 36610

George R. Kemp
1679 Woods Trail
Eight Mile, AL 36613

Warren Lamar
631 Gehrig Avenue
Prichard, AL 36610-2365

Doris W. Lassiter
4576 Canal Circle W.
Mobile, AL 36619

Delores T. Lawson
1608 Van Dorn Street
Mobile, AL 36605

Earline Leachman
5738 Jarrett Road
Eight Mile, AL 36613

Jimmy D. Leachman
5738 Jarrett Road
Eight Mile, AL 36613

Ferrell W. Lewis
8741 Lott Road
Wilmer, AL 36587

Michelle Lofton
360 Green Park Drive
Mobile, AL 36695

Reginald Loper
4919 Dossett Lane
Eight Mile, AL 36613

Caranell B. Lott
201 Cottsford Drive SW
Atlanta, GA 30331

Bernard Lumpkin
Compass Bank
4671 Airport Blvd
Mobile, AL 36608

Robert M. Mabry
618 Pine Street
Saraland, AL 36571

Floyd Martin, Jr.
1023 Front Street
Mobile, AL 36610

Edgar G. Matt, Jr.
First Alabama Bank
P.O. Box 2527
Mobile, AL 36622

Betty M. McInnis
P.O. Box 13372
Eight Mile, AL 36613

Dorothy S. McKenna
136 Matheson Avenue
Saraland, AL 36571

Willie McNeil
P.O. Box 13322
Mobile, AL 36663

Spencer Meriweather
10122 Tarawood Court
Mobile, AL 36695

Edgar D. Mosley
649 Powell Cut-Off Road
Leroy, AL 36548

Jerry Mosley
5704 Foxfire Road
Mobile, AL 36618

James T. Mullis
15263 Highway 98
Lucedale, MS 39452

Florestine Myrick
637 Hinson Avenue
Prichard, AL 36610

Cedric E. Nettles
1104 Peabody Drive
Mobile, L 36618

Ronald Joseph Newman
7051 Professional Place
Daphne, AL 36526

Hazel Nicholas
P.O. Box 13308
Eight Mile, AL 36613

Leslie L. Nobles
5832 Carrick Road
Eight Mile, AL 36613-2850

Cynthia Norwood
12191 McFarland Road
Chunchula, AL 36251

James Parrish, Jr.
8311 Magnolia Village Drive South
Mobile, AL 36695

Hubert L. Paul
5438 Eckford Street
Eight Mile, Al 36613

Henry Phillips
213 Valley Road
Chickasaw, AL 36611

Jewel Porter
16 Elm Street
Saraland, AL 36571

Rebecca Powe
1802 Butler Street
Mobile, AL 36615

Frank Powell
1152 Elmira Street
Mobile, AL 36604

Johnie Long Powell
11460 Normandy Drive N.
Semmes, AL 36575

Lewis E. Ragland
4453 Baumhauer Drive
Eight Mile, AL 36613

Norman M. Raley
1212 Northway Drive
Semmes, AL 36575-7608

Willie L. Ramey
317 Dakota Avenue
Prichard, AL 36610

Deborah Reynolds
5625 Dogwood Trail
Eight Mile, AL 36613

Willie Mae Richardson
1209 Bordeaux Street
Mobile, AL 36605

Ethel W. Rigsby
6601 Lauren Court
Mobile, AL 36618

Emmitt E. Robinson, Sr.
L9375 Chisholm Court
Semmes, AL 36575

Gerald Robinson
13950 Celesta Road
Chunchula, AL 36521

Nettie S. Robinson
P.O. Box 2013
Robertsdale, AL 36567

Stella L. Rocker
70 Ivey Street
Mobile, AL 36607

Rodney Gayle Schmitz
9200 Dovetail Ln E
Wilmer, AL 36587

Oley W. Scmitz, Jr.
12144 Meadow Road, #5
Fairhope, AL 36452

Miyoko Scogin
Kikuna Heights 2-604 480-1 Mamedo-Cho
Khoku-Ku Yokahama
Kanagawa, Japan
Japan

Leila P. Scott
1600 Michigan Avenue
Mobile, AL 36605

Wilma Sells
5718 Warrior Drive
Satsuma, AL 36572

Nell W. Simmons
4740 Sharpless Drive
Eight Mile, AL 36613

Pauline B. Smiley
9832 Winchester Drive South
Semmes, AL 36575

Labaron Smith
P.O. Box 40112
Mobile, AL 36640

William C. Sparks
30 Cherry Drive
Saraland, AL 36571

Wanda L. Spradlin
1601 Kalifield Blvd.
Saraland, AL 36571

Daisy Spraglin
1509 Gaynor Street
Mobile, AL 36650

Jeffery Taylor, Sr.
123 E. Azan Street
Prichard, AL 36610

Doris M. Taylor
418 W. Main Street
Prichard, AL 36610

Jerry D. Todd
30558 Middle Creek Circle
Daphne, AL 36526

Kenneth Turner
102 Turner Lane
Eight Mile, AL 36613

Mattie L. Turner
857 Garrison Avenue
Prichard, AL 36610

Sandra J. Turner
146 Hickman Street
Prichard, AL 36610

Jerome O. Walker
122 S. Joseph Avenue
Prichard, AL 36610

Rex Wall
1832 S. Shelton Beach Road
Eight Mile, AL 36613

Norman E. Weldy
4307 Baumhauer Drive
Eight Mile, AL 36613

James N. White
706 Deer Avenue
Daphne, AL 36526

Joe M. Wilkerson, Jr.
1701 Jasper Road
Mobile, AL 36618

Ina Wilkinson
5690 Dogwood Trail
Eight Mile, AL 36613

Almus Williams
9200 I-10 Service Road
Irvington, AL 36544

Carrie B. Williams
704 Easterling Street
Prichard, AL 36610

Gwendolyn Williams
503 Snyder Drive
Prichard, AL 36610

Billy R. Williamson
P.O. Box 13016-0016
Eight Mile, AL 36663

Elizabeth L. Wilson
511 Hall Avenue
Hattiesburg, MS 39401

Alma Yarborough
Compass Bank
Alma Yarborough #207-7901-8
15 S. 20th Street
Birmingham, AL 35203

**EXHIBIT B-5**

The class shall consist of all unsatisfied claims that have been filed with the Bankruptcy Court and the claims arising pursuant to the treatment of claimants in Class VI.