IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CITY OF PRICHARD, ALABAMA | ) |
| | ) Case No. 09-15000 |
| DEBTOR | ) |
| | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BANKRUPTCY CASE**

COME NOW Scott A. Balzer, Willie Banks, Maurice L. Brown, Nate Doss, Dorothy Ferrell, Charles G. Kennedy, Ethel J. McNeil, and Lendora H. Williams, creditors and parties in interest (hereinafter "Movants"), and in support of Movants' Motion To Dismiss Bankruptcy Case respectfully show to the Court as follows:

As provided in 11 U.S.C. § 109 (c), an "entity may be a debtor under chapter **9 if and only if** such entity . . . is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter." (Emphasis added.)

> In short, specific authorization by a state is necessary in order for a municipality to be eligible to file for bankruptcy. *Id.; In re County of Orange,* 183 B.R. 594, 604 (Bankr.C.D.Cal.1995). Further, that authorization must be "exact, plain, and direct with well-defined limits so that nothing is left to inference or implication." *County of Orange,* 183 B.R. at 604; *see also In re Alleghany-Highlands Econ. Dev. Auth.,* 270 B.R. 647, 649 (Bankr.W.D.Va.2001) (*quoting County of Orange*).

*In re Slocum Lake Drainage Dist. of Lake County*, 336 B.R. 387, 390 (Bankr. N.D. Ill. 2006). The Debtor has the burden of proof to establish that it is eligible to be a debtor under Chapter 9. *Id.*

> Pursuant to § 921(c) of the Bankruptcy Code (the "Code"), the court may dismiss a chapter 9 petition "if the debtor did not file the petition in good faith or if the petition does not meet the requirements of [§ 109(c) ]." Although the language of § 921(c) is permissive, the case law indicates that § 921(c) "must be given a mandatory effect if the defect in the filing is in the debtor's eligibility to file Chapter 9." 4 *Collier on Bankruptcy* ¶ 921.04 at 921-7 (L. King. 15th ed. 1994); *see also In re Sullivan County Regional Refuse Disposal Dist.,* 165 B.R. 60, 83 (Bankr.D.N.H.1994) ("The debtors in the present case have failed to establish the requisites for Chapter 9 relief ... under § 109(c) ... and therefore their petitions must be dismissed...."). The burden of proving eligibility under § 109(c) is on the party filing the petition. *In re City of Bridgeport,* 129 B.R. 332, 339 (Bankr.D.Conn.1991).

*In re County of Orange*, 183 B.R. 594, 599 (Bankr. C.D. Cal. 1995)

The City of Prichard lacks the requisite specific authorization under Alabama law for eligibility to file a Chapter 9 case. In response to the Movants' Motion, counsel for the City of Prichard has asserted only that "Alabama Code § 11-81-3 explicitly authorizes municipalities to file for protection under the United States Bankruptcy Code." While it is true that § 11-81-3 authorizes certain Alabama municipalities to file under Chapter 9, the City of Prichard is not one of those municipalities.

Section 11-81-3 is part of Chapter 81 of the *Code of Alabama* which is specifically styled "MUNICIPAL AND COUNTY BONDS." The caption of § 11-

81-3 as indicated by the Alabama Secretary of State's promulgated version of the Code is "Issuance of refunding or funding bonds as to adjustment, etc. of indebtedness." Section 11-81-3 by its express terms applies only to municipalities that have issued refunding or funding bonds under Chapter 81:

> **Issuance of refunding or funding bonds as to adjustment, etc., of indebtedness.**
>
> **The governing body of any** county**, city or town**, or municipal authority organized under Article 9, Chapter 47 of this title **which shall authorize the issuance of refunding or funding bonds** may exercise all powers deemed necessary by the governing body for the execution and fulfillment of any plan or agreement for the settlement, adjustment, refunding, or funding of the indebtedness of the county**, city or town**, or municipal authority organized under Article 9, Chapter 47 of this title **not inconsistent with the provisions of law relating to the issuance of refunding or funding bonds. Without limiting the generality of any of the foregoing powers,** it is expressly declared that **the governing body shall have the power to take all steps and proceedings contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness, and the State of Alabama hereby gives its assent thereto** and hereby authorizes each county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title in the state to proceed under the provisions of the acts for the readjustment of its debts.

Only the governing body of a municipality that has issued refunding or funding bonds under Chapter 81 has specific authorization under Alabama law to file a Chapter 9 petition. This express limitation is readily explained by the fact that the original Chapter IX legislation was specifically enacted by Congress in 1934 to deal

with widespread municipal bond defaults during the Depression [1], and the Alabama statute was added to state bond law in 1935 to enable municipalities with defaulted bond indebtedness to file under Chapter IX and execute and fulfill a settlement plan "not inconsistent with the provisions of law relating to the issuance of refunding or funding bonds." The authorization of municipalities with outstanding bond issues, **and only such municipalities**, to utilize Chapter 9 under § 11-81-3 is "exact, plain, and direct with well-defined limits so that nothing is left to inference or implication."

Based on its schedules and the disclosure statements filed by the City, the City of Prichard has no outstanding issue of refunding or funding bonds. The City's Chapter 9 case is solely an effort to avoid its state law obligations under its statutory employee pension plan and has no purpose related in any way to dealing with refunding or funding bonds [2].

The City of Prichard has no authorization under § 11-81-3 or otherwise under Alabama law to file a Chapter 9 petition, and the present case is due to be dismissed.

Respectfully submitted,

---

[1] "Chapter 9 legislation was enacted in 1934 in response to the high municipal bond defaults due to the economic depression of the 1930s. During this period, municipal bond defaults went from 678 in 1932 to approximately 4,770 by the end of the 1930s. . . . The highest rates of defaults occurred in response to the great Depression when many municipalities had issued bonds to finance infrastructure, transportation systems and real estate developments. In response, Congress enacted the first municipal bankruptcy protection to manage those municipal defaults." Karen H. Deal, An Examination of Municipal Finance Reform Regarding Municipal Bankruptcies in the United States (Doctoral Dissertation, Auburn University, August 4, 2007).

[2] The Council Resolution that purportedly authorized the filing of the Chapter 9 case apparently reads in its entirety as follows: "A resolution to authorize the Mayor to Initiate, Pursue or take such other action as necessary to protect the city's interest with respect to the Municipal Employees Pension and Relief Funds and other claims against the city, including seeking relief in such courts of proper jurisdiction as the Mayor

{M0046143.1}

4

/s/ Donald J.Stewart
Donald J. Stewart
63 South Royal Street, Suite 700
Mobile, Alabama 36602
(251) 415-7300
(251) 415-7350 -- fax
djs@cabaniss.com
Attorney For Movants

## CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing motion and statement by means of the Bankruptcy Court's CM/ECF system this 19th day of August, 2010.

/s/ Donald J. Stewart
Of Counsel

---

deems appropriate." City of Prichard Resolution No. 1138-09 (June 18, 2009).

{M0046143.1}

5