IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CITY OF PRICHARD, ALABAMA ) | |
| ) | Case No. 09-15000 |
| DEBTOR ) | |
| ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS BANKRUPTCY CASE AND REQUEST FOR RELIEF UNDER RULE 9018**

COME NOW Scott A. Balzer, Willie Banks, Maurice L. Brown, Nate Doss, Dorothy Ferrell, Charles G. Kennedy, Ethel J. McNeil, and Lendora H. Williams, creditors and parties in interest (hereinafter "Movants"), and in support of Movants' Motion To Dismiss Bankruptcy Case and in reply to the Response In Opposition To The Motion To Dismiss filed by the City of Prichard (Doc. 195) ("City's Response") respectfully show to the Court as follows:

As noted previously, the Debtor has the burden of proof to establish that it is eligible to be a debtor under Chapter 9 and must show that it has state law authorization that is "exact, plain, and direct with well-defined limits so that nothing is left to inference or implication." *E.g., In re Slocum Lake Drainage Dist. of Lake County*, 336 B.R. 387, 390 (Bankr. N.D. Ill. 2006). The City's Response, which consists of 25 lines of text in all, relies solely on a bare citation to Ala. Code § 11-81-3 and provides no analysis of that statute and no legal authority bearing in any way on the issue presented by the Motion to Dismiss. Section 11-81-3 reads in its entirety as

{M0046929.1}

follows:

> **Issuance of refunding or funding bonds as to adjustment, etc., of indebtedness.**
>
> **The governing body of any** county**, city or town**, or municipal authority organized under Article 9, Chapter 47 of this title **which shall authorize the issuance of refunding or funding bonds** **may exercise all powers deemed necessary by the governing body for the execution and fulfillment of any plan or agreement for the settlement, adjustment, refunding, or funding of the indebtedness** of the county**, city or town**, or municipal authority organized under Article 9, Chapter 47 of this title **not inconsistent with the provisions of law relating to the issuance of refunding or funding bonds. Without limiting the generality of any of the foregoing powers,** it is expressly declared that **the governing body shall have the power to take all steps and proceedings contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness, and the State of Alabama hereby gives its assent thereto** and hereby authorizes each county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title in the state to proceed under the provisions of the acts for the readjustment of its debts.

The entirety of the City's garbled and conclusory legal argument is that "[i]t can be undisputed [*sic*] that Alabama Code Section 11-81-3 authorizes the filing of a Chapter 9 bankruptcy" and that "[t]he common sense reading and understanding of the statutory language shows that the second sentence of §22-81-3 [*sic* - §11-81-3] does not limit only the readjustment of bond indebtedness but all of the debts of the municipality." However, Movants have advanced no contention that a municipality authorized to file a Chapter 9 case based on its issuance of bonds cannot deal in that

{M0046929.1}

2

case with all of its debts. The Movants' position is that §11-81-3 makes the issuance of bonds a threshold requirement under Alabama law for the authority to file under Chapter 9. "A statute must be considered as a whole and every word in it made effective if possible." *Custer v. Homeside Lending, Inc.*, 858 So.2d 233, 245 (Ala. 2003) *quoting Alabama State Bd. of Health v. Chambers County,* 335 So.2d 653, 654-55 (Ala.1976), *citing State By and Through State Board for Registration of Architects v. Jones*, 289 Ala. 353, 267 So.2d 427 (1972). The City cannot prevail on the apparent argument that the caption of the statute, the first sentence of the statute, and the first half of the second sentence of the statute are all to be ignored as mere surplusage.

The burden of the City's 25 line Response is given over to ad hominem attacks on the Movants and their counsel. The Movants and their counsel are accused of "shouting fire in a crowded theater" "in order to strike fear into the citizens and creditors of the City of Prichard." These accusations amount to allegations of a violation of both Rule 3.1 of the Alabama Rules of Professional Conduct and Bankruptcy Rule 9011 and are defamatory. Movants request an appropriate order of the Court pursuant to Bankruptcy Rule 9018 striking such accusations from the Response.

{M0046929.1}

3

Respectfully submitted,

   /s/ Donald J.Stewart_____
Donald J. Stewart
63 South Royal Street, Suite 700
Mobile, Alabama 36602
(251) 415-7300
(251) 415-7350 -- fax
djs@cabaniss.com
Attorney For Movants

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the above and foregoing motion and statement by means of the Bankruptcy Court's CM/ECF system this 23rd day of August, 2010.

/s/ Donald J. Stewart
Of Counsel

{M0046929.1}