IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CITY OF PRICHARD, ALABAMA, | ) BANKRUPTCY NO. 09-15000 |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |

SUPPLEMENTAL RESPONSE OF THE CITY OF PRICHARD
TO MOTION TO DISMISS

The City of Prichard supplements its response to the Motion To Dismiss filed by various parties ("the Movants")(Doc. 186) and in response to the Reply (Doc. 196) filed by the Movants.

**I. Titles, Captions and Location Within the Code Do Not Limit or Affect The Construction of Statutes in the Alabama Code.**

The Movants urge the Court to adopt a position which would deny Alabama Municipalities the benefits of Chapter Nine unless the Municipality has outstanding bond debt to be adjusted together with its other Municipal indebtedness. While the Movants concede that Code of Alabama 1975 §11-81-3 authorizes Alabama municipalities to file under Chapter Nine, they argue that authority is limited to only municipalities which have issued refunding or funding bonds.

Their primary argument is founded on the title of the Chapter of the Alabama Code in which the authorizing statute is codified, but this argument ignores the mandate of Code of Alabama 1975 §1-1-14 which provides as follows:

> (a) The classification and organization of the titles, chapters, articles, divisions, subdivisions and sections of this code, and the headings thereto, are made for the purpose of convenient reference and orderly arrangement, and **no implication, inference or presumption of a legislative construction shall be drawn therefrom.**
>
> (b) Unless otherwise provided in this code, the

descriptive headings or catchlines immediately preceding or within the text of the individual sections of this code, except the section numbers included in the headings or catchlines immediately preceding the text of such sections, **do not constitute part of the law, and shall in no manner limit or expand the construction of any such section.** All historical citations and notes set out in this code are given for the purpose of convenient reference, and do not constitute part of the law.

The Movants' argument that the descriptive heading of §11-81-3 implies a legislative intent to limit the authority granted in the statute to only those municipalities with bond debt ignores and contradicts the mandate of the Alabama Legislature set out in subsection (b) of Section 1-1-14 quoted above. Thus, Movants cannot rely on the title of the chapter nor the descriptive heading or catchline to support their argument, as the Legislature may place a statute authorizing actions anywhere it pleases.

**II. The Inclusion of the Specific Does Not State or Imply the Exclusion of the General: Section 11-81-3 Is A General Enabling Statute.**

The City agrees with the Movants' proposition that "A statute must be considered as a whole and every word in it made effective if possible". It is precisely for this reason that the statute grants authority to **all** municipalities to utilize any act of Congress to readjust their debts.

Clearly, the first sentence of Section 11-81-3 applies to the governing body of a municipality which has issued funding or refunding bonds, and authorizes those municipal authorities to take actions necessary for the execution of any plan or agreement to adjust, settle, refund or fund bond debt which is **not inconsistent with the provisions of law relating to the issuance of refunding or**

2

**funding bonds.** Thus, the first sentence of the statute authorizes the governing body to enter into plans and agreements specifically related to bond indebtedness.

But the statute does not end there. The inclusion of this specific authority in that first sentence does not state or imply the exclusion of general authority in the balance of the statute. Indeed, a plain reading of the second sentence contradicts this strained construction, and reveals a much broader Legislative intent and purpose. The first phrase of the second sentence clearly indicates that the authority granted in the first sentence is independent of those granted by the second sentence. The term "governing body" there is <u>not</u> limited by the phrase "which shall authorize the issuance of refunding or funding bonds" as it is in the first sentence. In the second sentence, the "governing body" is granted the power to **"take all steps and proceedings contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness and the State of Alabama hereby gives its assent thereto and hereby authorizes <u>each county, city or town, and municipal authority</u> organized under Article 9, Chapter 47 of this title to proceed under the provisions of the acts for the readjustment of its debts."** <u>Code of Alabama 1975</u> §11-81-3 (emphasis added). Under Article 9, Chapter 47 of Title 11, in §11-47-210(14), a "municipality" is defined as "any city or town incorporated under the laws of the State of Alabama." Obviously, this definition includes the City of Prichard, and obviously, the grant of

3

authority to utilize the proceedings authorized by Congress for readjustment of indebtedness extends to "any city or town incorporated under the laws of the State of Alabama," and is not limited to those which have issued bonds as debt instruments.

In the second sentence the terms "readjustment of municipal indebtedness" and "readjustment of its debts" are neither qualified nor restricted to "refunding or funding of bonds" as it is in the first sentence. Indeed, nowhere in the second sentence are the terms "bond" or "refunding or funding bonds" even mentioned.

The Movants argue that "The City cannot prevail on the apparent argument that the caption of the statute, the first sentence of the statute and the first half of the statute are all to be ignored as mere surplusage." To the contrary, the City does indeed argue that the <u>Caption</u> of the Statute cannot be given any weight in the construction of the Statute because Alabama Law mandates that; the caption is not be given any weight because it "does not constitute any part of the law", and "shall in no manner limit or expand the construction of any section." <u>Code of Alabama 1975</u> §1-1-14.

And to be clear, the City does not argue that the first sentence of the Statute and the first half of the second are to be ignored; it simply argues that the first sentence of the statute grants specific powers to political subdivisions of the State to address bond indebtedness and that the second sentence of the Statute grants broad powers to all political subdivisions of the State to utilize any act of the Congress of the United States to

4

deal with any and all indebtedness, whether that debt be bond debt or other more common types and kinds of indebtedness.

Therefore, the first sentence of the Statute grants to the State's political subdivisions which have issued either refunding or funding bonds the authority to make agreements for the adjustment of that bond indebtedness, while the second sentence grants to each and all of the State's political subdivisions the authority to utilize "any act of the Congress of the United States" for the readjustment of its indebtedness, whether bond debt or otherwise. In order for the Court to adopt the Movants' argument, the language of the first sentence which limits the term "governing body" to those "which shall authorize the issuance of refunding or funding bonds" must be grafted into the second sentence; however, "governing body" is not limited by any such language in that second sentence. Having used such qualifying and limiting language in the previous sentence, it is obvious that the Legislature could have chosen the identical limitation in its description of "governing body" in that second sentence, but that it did not elect to restrict "governing body" in that manner there.

Likewise, under Movants' interpretation, the terms "readjustment of municipal indebtedness" and "to proceed under the provisions of the acts for the readjustments of its debts" would have to be limited to bond indebtedness by language that is simply not present in those provisions of the statute. Instead, the second sentence uses broad and general language to accomplish a broad and general enabling purpose; the limitations and restrictions urged by

5

the Movants simply are not present in the language chosen by the Legislature.

Undeniably, the language of the second sentence of the Statute constitutes the act of the Alabama Legislature in attempting to comply specifically with the Congressional mandate of Section 109(c)(2) of the Bankruptcy Code, by authorizing the governing body of a political subdivision to proceed under the acts of Congress for the adjustment of its debts. Despite the arguments of the Movants, the language is not ambiguous nor is the grant of authority limited or restricted: "...**the State of Alabama hereby gives its assent thereto and hereby authorizes <u>each county, city or town, and municipal authority</u> organized under Article 9, Chapter 47 of this title to proceed under the provisions of the acts for the readjustment of its debts.**" Code of Alabama 1975 §11-81-3 (emphasis added).

### Conclusion

Since the terms "municipal indebtedness" and "readjustment of its debts" are neither limited nor restricted to bond debt by the plain and evident language of the Statute, Movants' Motion is due to be denied.

In Code of Alabama 1975 §11-81-3, the Alabama Legislature enacted a general enabling statute permitting cities, towns, counties and other political subdivisions to utilize the provisions of Chapter 9 to adjust their debts; the clear language of that Statute contradicts the position that the Statute merely authorizes political entities which have issued bond debt to reorganize and

6

Case 09-15000   Doc 197   Filed 08/24/10   Entered 08/24/10 09:40:25   Desc Main
Document    Page 6 of 8

that it denies the privilege of debt adjustment to political entities lacking bond debt.

The strained and restrictive construction of the statute urged by Movants, derived principally from the statute's caption and placement or location in the Code (which must be disregarded under the mandate of §1-1-14), does not comport with the expansive assent of the Legislature to adjustment of all indebtedness by Alabama cities, towns, counties and other political subdivisions evidenced by the provisions of §11-81-3 quoted above.

All Alabama municipalities and other political subdivisions enjoy the statutory privilege of debt readjustment under Chapter 9 by the authority of the State of Alabama enacted in §11-81-3. For the foregoing reasons, and upon the arguments and authorities herein, the Movant's Motion to Dismiss case is due to be denied.

Respectfully submitted,

PAUL AND SMITH, P.C. as
Attorneys for City of Prichard


/s/ Suzanne Paul_____
SUZANNE PAUL          PAULS5825

/s/ C. Michael Smith_____
C. MICHAEL SMITH      SMITC7523

OF COUNSEL:

R. Scott Williams
Latanishia D. Watters
HASKELL SLAUGHTER YOUNG & REDIKER, LLC
1400 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
Phone: 205.251.1000
Fax: 205.324.1133

rsw@hsy.com
ldw@hsy.com

C. Michael Smith
Suzanne Paul
PAUL AND SMITH, P.C.
150 South Dearborn Street
Mobile, Alabama  36602
Phone: (251) 433-0588
Fax: (251) 433-0594
paulandsmithpc@earthlink.net

<u>CERTIFICATE OF SERVICE</u>

    I, C. Michael Smith, do hereby certify that I have on this 24th day of August, 2010, served a copy of the foregoing by electronically filing the foregoing document with the Clerk of the Court using the CM/ECF electronic filing system, which electronically delivers notice of the filing to all parties which have requested electronic notification in the case.

                               <u>/s/ C. Michael Smith</u>_____
                               C. MICHAEL SMITH