IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CITY OF PRICHARD, ALABAMA | ) |
| | ) Case No. 09-15000 |
| DEBTOR | ) |
| | ) |
| | ) |

**SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS BANKRUPTCY CASE**

COME NOW Scott A. Balzer, Willie Banks, Maurice L. Brown, Nate Doss, Dorothy Ferrell, Charles G. Kennedy, Ethel J. McNeil, and Lendora H. Williams, creditors and parties in interest (hereinafter "Movants"), and in support of Movants' Motion To Dismiss Bankruptcy Case and in reply to the Supplemental Response Of The City of Prichard To Motion To Dismiss (Doc. 197) ("City's Supplemental Response") respectfully show to the Court as follows:

As noted previously, the Debtor has the burden of proof to establish that it is eligible to be a debtor under Chapter 9 and must show that it has state law authorization that is "exact, plain, and direct with well-defined limits so that nothing is left to inference or implication." *E.g., In re Slocum Lake Drainage Dist. of Lake County*, 336 B.R. 387, 390 (Bankr. N.D. Ill. 2006). In the City's Supplemental Response, the City confirms that it relies solely on Ala. Code § 11-81-3 and tacitly concedes the point that it has no refunding or funding bonds outstanding.

Section 11-81-3 reads in its entirety as follows:

{M0047062.1}

**Issuance of refunding or funding bonds as to adjustment, etc., of indebtedness.**

The governing body of any county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title which shall authorize the issuance of refunding or funding bonds may exercise all powers deemed necessary by the governing body for the execution and fulfillment of any plan or agreement for the settlement, adjustment, refunding, or funding of the indebtedness of the county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title not inconsistent with the provisions of law relating to the issuance of refunding or funding bonds. Without limiting the generality of any of the foregoing powers, it is expressly declared that the governing body shall have the power to take all steps and proceedings contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness, and the State of Alabama hereby gives its assent thereto and hereby authorizes each county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title in the state to proceed under the provisions of the acts for the readjustment of its debts.

The City's argument is now clearly that all of the statute is meaningless except the language in the second half of the second sentence:

> Despite the arguments of the Movants, the language is not ambiguous nor is the grant of authority limited or restricted: '. . .**the State of Alabama hereby gives its assent thereto and hereby authorizes <u>each county, city, or town, and municipal authority</u> organized under Article 9, Chapter 47 of this title to proceed under the provisions of the acts for the readjustment of its debts.**' Code of Alabama 1975 § 11-81-3 (emphasis added [by City]).

Supplemental Response at 6. The refutation of the City's argument requires only a

{M0047062.1}

2

Case 09-15000    Doc 198    Filed 08/30/10    Entered 08/30/10 06:02:33    Desc Main
Document      Page 2 of 7

line by line reading of the statute.

The first sentence of the statute reads: "The governing body of any county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title which shall authorize the issuance of refunding or funding bonds may exercise all powers deemed necessary by the governing body for the execution and fulfillment of any plan or agreement for the settlement, adjustment, refunding, or funding of the indebtedness of the county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title not inconsistent with the provisions of law relating to the issuance of refunding or funding bonds."

1. What "governing body" is being given authority under the first sentence?

    **Only** the "governing body" of any "county, city or town, or municipal authority" "**which shall authorize the issuance of refunding or funding bonds**." Without dispute the City of Prichard is not such an entity.

2. What limitation is placed on the terms of the plan the statute provides the "governing body" can enter into? The plan must not be "**inconsistent with the provisions of law relating to the issuance of refunding or funding bonds."**

The second sentence of the statute begins "**Without limiting the generality of any of the foregoing powers,** it is expressly declared . . ." The second sentence begins with the specific confirmation that it is the first sentence of the statute that is the general authority and the second sentence that itemizes specific authority included within the general authority. The City's pretense that the first sentence confers specific authority

{M0047062.1}

3

and the second sentence confers broader general authority is rebutted by the plain language of this introductory phrase.

The second sentence continues: "it is expressly declared that **the governing body** shall have the power to take all steps and proceedings contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness." What governing body? The same governing body that was granted general authority in the first sentence, which is **"**the "governing body" of any "county, city or town, or municipal authority" "**which shall authorize the issuance of refunding or funding bonds.**" The second sentence continues **"and the State of Alabama hereby gives its assent thereto."** To what does the State give its assent? To the "steps and proceedings" taken by the "governing body", which, again is **"**the "governing body" of any "county, city or town, or municipal authority" "**which shall authorize the issuance of refunding or funding bonds.**" The second sentence concludes with authority complementary to the "assent": "and hereby authorizes each county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title in the state to proceed under the provisions of the acts for the readjustment of its debts." The City contends that this last phrase "grants to each and all of the State's political subdivisions the authority to utilize 'any act of the Congress of the United States" for the readjustment of its indebtedness, whether bond or otherwise." (City's Supplemental Response at 3.) This contention misstates the language. The first half of the second sentence confers authority to "take all steps and proceedings

{M0047062.1}

4

contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness" only on the "governing body" of an entity that has issued bonds and on no other governing body. If and only if an authorized "governing body" initiates "steps and proceedings" under an Act of Congress does the entity it governs "proceed" under the provision of the Act.

The Court's choice here is relatively straightforward: It can either read the statute as written as a whole from top to bottom or it can accept the City's contention that the statute should be read from bottom to top and that all of the statute is surplusage except the last phrase in the second sentence. The Court has no case precedent to guide it in making this choice. There is no indication that the issue has ever been addressed by any other Bankruptcy Court in Alabama, quite possibly for the reason that the presence of issued bonds has generally been the case in the previous municipal Chapter 9 cases filed in Alabama. Of the five Chapter 9 cases filed by Alabama municipalities and counties during the period 1991 through 2004, all involved outstanding bond issues except one.[1] That case involved a Chapter 9 filing by the Town of North Courtland to deal with an $89,000 tort judgment obtained against it by a former employee, and although "the plaintiff filed many motions to dismiss the Chapter 9 proceedings" it is not apparent from available materials whether

---

1 . Keren H. Deal, An Examination of Municipal Finance Reform Regarding Municipal Bankruptcies in the United States (Doctoral Dissertation, Auburn University, August 4, 2007) at 124-72.

{M0047062.1}

5

lack of legal capacity to file was ever raised in that case.[2] It is to be noted that the issue would not have arisen in the City of Prichard's previous Chapter 9 case inasmuch as there was apparently then an outstanding $1.3 million bond issue held by Regions Bank that had been used to finance improvements to the municipal complex.[3] Unlike the City's prior case, the City's present case has no involvement with bond debt and no purpose other than the repudiation of the pension plan that it is mandated by specific State legislation to maintain intact and uncompromised.[4] That purpose cannot be accomplished in any event because it would violate Sections 903 and 943(b)(4) of the Bankruptcy Code and is not a purpose contemplated by the authority conferred by Ala. Code § 11-81-3.

For the foregoing reasons, the Motion to Dismiss is due to be granted.

Respectfully submitted,

    /s/ Donald J.Stewart_____
Donald J. Stewart
63 South Royal Street, Suite 700
Mobile, Alabama 36602
(251) 415-7300
(251) 415-7350 -- fax
djs@cabaniss.com
Attorney For Movants

---

[2] Deal, supra, at 129-30.
[3] Deal, supra, at 155.
[4]
    SECTION XV. The benefits provided for the employees of the City of Prichard hereunder, shall not be reduced or prorated among those properly entitled thereto and should, at any time, the fund be insufficient to pay in full the benefits and to defray the expenses provided for, it shall be the duty of the governing body of the City of Prichard, Alabama to make provision therefore in accordance with the provisions of this Act.

Alabama Act No. 107 adopted February 14, 1956, as amended.
{M0047062.1}

6

# CERTIFICATE OF SERVICE

I hereby certify that I have served the above and foregoing motion and statement by means of the Bankruptcy Court's CM/ECF system this 30th day of August, 2010.

/s/ Donald J. Stewart
Of Counsel

{M0047062.1}

7