# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTH DISTRICT OF ALABAMA

In re:                                     )
                                           )
**CITY OF PRICHARD, ALABAMA**              )     **Bankruptcy Case No.: 09-15000**
                                           )     **Chapter 9 Proceeding**
        Debtor.                            )

---

## REVISED SIXTH AMENDED PLAN OF ADJUSTMENT

---

March 20, 2014

**Counsel for Debtor:**
Of Counsel:
R. Scott Williams
Jennifer B. Kimble
RUMBERGER KIRK & CALDWELL
Lakeshore Park Plaza, Suite 125
2204 Lakeshore Drive
Birmingham, Alabama 35209-6739
Phone:  205-327-5550
Fax:  205-326-6786
swilliams@rumberger.com
jkimble@rumberger.com

C. Michael Smith
Suzanne Paul
Paul and Smith, P.C.
150 South Dearborn St.
Mobile, Alabama 36602
Phone:  251.433.0588
Fax:  251.433.0594
paulandsmithpc@earthlink.net

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **CITY OF PRICHARD, ALABAMA** | ) | **Bankruptcy Case No.: 09-15000** |
| | ) | **Chapter 9 Proceeding** |
| **Debtor.** | ) | |

---

## REVISED SIXTH AMENDED PLAN OF ADJUSTMENT

---

COMES NOW the City of Prichard, Alabama (hereinafter referred to as the "Debtor" or "City"), and proposes the following Revised Sixth Amended Plan of Adjustment (the "Plan") pursuant to Section 941 of the Bankruptcy Code:

### ARTICLE I

### DEFINITIONS

For the purposes of this Plan, the following terms shall have the following meanings, unless the context clearly requires otherwise:

Act No. 107 Plan: The City of Prichard pension plan created under Alabama Act No. 107 (1956), as amended.

Administrative Claim: Any claim allowed and entitled to administrative priority under Section 507(a) (2) of the Code;

Allowed Claim: A claim:

      (a)     in respect of which a proof of claim has been filed with the Court on or before the applicable bar date, as hereinafter defined; or

(b) which is scheduled in the schedules of assets and liabilities of the Debtor prepared and filed with the Court, and which is not listed as either disputed, contingent or unliquidated; and, in either of the foregoing cases;

(c) to which no objection to the allowance thereof has been interposed; or

(d) to which, if objection has been interposed, the claim is allowed by an order of court which is no longer subject to initiation or continuation of appeal.

Allowed Priority Claim: An Allowed Claim of outstanding taxes owed by the Debtor to the Internal Revenue Service and the Alabama State Department of Revenue.

Allowed Unsecured Claims: All Allowed Claims which are claims other than Priority Claims or Allowed Secured Claims.

Bar Date: Shall be the date sixty (60) days after the Confirmation Date by which claims must be filed or be forever barred.

Claim: Shall have the meaning given it in Section 101(5) of the Code.

Claims Resolution Date: Upon the Effective Date counsel for the Debtor, or other party-in-interest, shall within 120 days of such date object to any claims that are on file and of record with the Court. In the event the Debtor fails or any party-in-interest fails to file an objection at such time, then such claim will then become an Allowed Claim. For each claim objected to by the Debtor, upon the entry of nonappealable order resolving such claim, the claim will become an Allowed Claim. The Claims Resolution Date will be the date 15 days following the entry of a final order on the final contested claim.

Class: Any class into which Claims are classified pursuant to Article II hereof.

Code: The United States Bankruptcy Code, Title 11 of the United States Code, as enacted in 1978 and thereafter amended.

Confirmation: Entry by the Court of an Order confirming the Plan at or after a hearing pursuant to Section 943 of the Code.

Confirmation Date:  The date upon which the Order of Confirmation is entered by the Court.

Court:  The United States Bankruptcy Court for the Southern District of Alabama.

Creditor:  Any person having a claim against the Debtor to which this Plan applies.

Debtor:  The City of Prichard, Alabama.

Effective Date:  The date which is thirty (30) calendar days after the date on which the Order of Confirmation is no longer subject to appeal, and on which date no such appeal is pending, and on which date the conditions to the effectiveness of the Plan set forth in the Plan have been satisfied in full.

Petition Date:  October 27, 2009, the date of filing of the Debtor's Chapter 9 bankruptcy.

Plan:  This Sixth Amended Plan of Adjustment in its present form or as it may be amended or supplemented.

Priority Claim:  Any Allowed Claim entitled to priority pursuant to Section 507 of the Code, other than an Administrative Claim.

Pro Rata:  With respect to an Allowed Claim in any class, the proportion that the amount of the balance of such allowed claim bears to the aggregate amount of the balances of all the Allowed Claims in that class.

Retiree Settlement Agreement:  The "Agreement Between Certain Retirees And The City of Prichard" dated as of May 20, 2011, a copy of which is attached to the Disclosure Statement as Exhibit A.

Unsecured Creditors:  The holders of Allowed Unsecured Claims.

# ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS AND
## STATEMENT OF CLASSES OF CLAIMS NOT IMPAIRED

For the purposes of distribution under this Plan, various claims and interests shall be classified as follows:

| Class I | Administrative Claims | Unimpaired |
|---------|----------------------|------------|
| Class II | Priority Tax Claims | Unimpaired |
| Class III | Secured Claim of Commonwealth National Bank | Unimpaired |
| Class IV | Claims of Governmental and Quasi-Governmental Entities | Impaired |
| Class V | Ordinary Course of Business Claims | Unimpaired |
| Class VI | Ordinary Course Insured Claims | Impaired |
| Class VII | Current Employee Retirement Claims | Impaired |
| Class VIII | Retired Post Petition Date and Early Retiree Employees | Impaired |
| Class IX | Retired Vested Employees Covered in the Pension Settlement Claim | Impaired |
| Class X | Former Non-Vested Employee Pension Claims | Impaired |
| Class XI | Non-ordinary Course of Business and Deficiency Claims | Impaired |

# ARTICLE III

## DETAILED DESCRIPTION AND TREATMENT OF ALL CLASSES OF CLAIMS

Class I: Administrative Claims. This class consists of claims arising pursuant to Section 503 of the Code. As of today's date, the Debtor is current on all of its post-petition

obligations arising in its ordinary course of business. Certain professionals engaged by the Debtor for non-bankruptcy related services shall be timely paid. The City will pay its bankruptcy counsels' administrative claims on the Effective Date of the Plan, or alternatively, upon such terms as the parties may agree. Bankruptcy Counsel for the Debtor as of March 1, 2014 has been paid approximately $360,000 in fees and expenses that has been applied to prior invoices since the filing of the petition. Any fees and charges assessed the City under chapter 123 of title 28 shall be paid in full in cash on the effective date of the Plan. Any other claims which may be allowed under section 503(b) of the Bankruptcy Code shall be paid in full in cash on the effective date of the Plan, or alternatively, upon such terms as the City and the claimant may agree.

Class I is unimpaired.

Class II: Priority Tax Claims. This class consists of tax claims owed to the Internal Revenue Service ("IRS") and the Alabama State Department of Revenue (the "Alabama Revenue Department"). On the petition date, the Debtor had some outstanding tax claims owed to the IRS and the Revenue Department.

Subsequently, the Debtor believes it has paid in full the claims of the IRS and the Alabama Revenue Department and to the Debtor's knowledge is current on all existing tax obligations. The Alabama Department of Industrial Relations filed a claim which the Debtor has paid in the ordinary course of business. The Debtor has filed an objection to this claim which the Court sustained and the claim is disallowed.

Additionally, the IRS filed a claim for approximately $10,000.00 for taxes, penalties and interest arising from FICA taxes. The City disputed this claim and it has subsequently been resolved. Since the filing of the petition, the City believes it is current on all of its tax

obligations. In the event a priority tax claim is allowed, then the allowed claim shall be paid in full in installments over a period not to exceed five years.

Class II is unimpaired.

Class III: Secured Claim of Commonwealth National Bank. This Class consists of the secured claim of Commonwealth National Bank in the approximate amount of $195,715. The Claimant holds a Mortgage on certain real property of the Debtor. The Note, secured by the Mortgage, is paid on a monthly basis for both principal and interest in installments of approximately $1500.00 over a remaining term of approximately 211 months or 18 years. The City has made the regular payments which have become due since the filing of the petition and the obligation is not in default.

The City proposes to pay this obligation according to the terms of the promissory note. The City will continue to make the monthly payments of principal and interest as required by the promissory note. The member of this class will retain its lien on the real property collateral until the obligation is satisfied. Upon payment in full of the obligation by the City the mortgage securing the note shall be released.

Class III is unimpaired.

Class IV: Claims of Quasi-Governmental Entities:

This class consists of the claims of the South Alabama Regional Planning Commission, the Mobile County Emergency Management Agency, the Mobile County Personnel Board and the Mobile County Health Department. These are member organizations that the City belongs to as part of its participation in regional functions. With respect to the City's obligations to each of these organizations, the City desires to continue such agreements and future obligations to each of the organizations. The City proposes the treatment of any existing and

outstanding obligations as of the confirmation date will be satisfied by the filing of an unsecured claim and treatment as a Class XI claim. Obligations which arise by virtue of the City's participation in programs with the members of this class after confirmation shall be paid in full upon such terms as the parties may agree.

Class IV is impaired.

Class V: Ordinary Course of Business Claims. At the time of the filing of the Petition, the Debtor had certain ordinary course of business claims related to its pre-petition operations. The Debtor believes that it has paid all of such claims and is current on all such obligations. The Debtor proposes to continue to pay such ordinary course of business obligations prior to and subsequent to the Effective Date.

The Ordinary Course of Business claims are unimpaired.

Class VI: Ordinary Course Insured Claims. Prior to and subsequent to the Petition Date, claims were filed against the Debtor for which the Debtor had insurance coverage. This insurance coverage included the costs of defense and in some cases liability. During the pendency of the bankruptcy, the Debtor has entered into agreements for relief from the stay with some of these claimants in order to liquidate the claims and to recover any insurance proceeds which may be available.

The Debtor proposes that claims for which liability coverage is provided be limited in their recovery to only those insurance proceeds that may be paid by the insurance provider after the Debtor's deductible is credited against the claim. Members of this class shall include only those claims which arise prior to the effective date and for which there is insurance coverage and for which the City has notice. The balance of any claim not paid by insurance shall be deemed a general unsecured claim and receive the treatment afforded to claims in Class XI.

Class VI claims are impaired.

Class VII: Current Employee Retirement Claims. This class shall consist of the claims of the current merit system employees of the City for contributions made to the City's existing pension plan. These claims will be modified pursuant to the Plan to move the retirement funding function from the current pension system to one provided for pursuant to Section 457(b) of the Internal Revenue Code. The sponsor of this program shall be the Retirement Systems of Alabama under its RAS-1 program, or a similar independent qualified administrator. The new plan will provide for transferring existing account balances paid by each employee, that have accrued since the Petition Date, and transferring those funds from the City's control to the direct control of employees under the new plan. Any and all claims, rights or interests held by the members of this class arising in any way from the Act 107 Pension Plan shall be extinguished upon confirmation of the Plan. Class VII claims are impaired.

Class VIII: Retired Post Petition Date and Early Retiree Employees. This class shall consist of the pension benefit claims of persons (i) who were employed on the Petition Date, with an initial employment date on or before 19 years prior to the Effective Date of Plan or (ii) who retired after the Petition date and before the Effective Date but are not parties

to the Retiree Settlement Agreement, and shall include the pension benefit claims of the surviving spouses of such persons. This Class includes current employees who are vested under Act No. 107 and age eligible to retire on the Effective Date or within one year of the Effective Date, current employees with an initial employment date on or before 20 years prior to the Effective Date who are not yet both vested under Act No. 107 and age eligible to retire on the Effective Date, and retired employees who were employed on the Petition Date but retired prior to the Effective Date, excluding any retired employee who is a party to the Retiree Settlement Agreement.

Upon retirement, a member of Class VIII shall be paid by the City a monthly retirement benefit equal to 85% of the benefit otherwise calculated for the member as provided in the Act No. 107 Plan. The surviving spouse of a member of Class VIII shall be paid by the City a monthly benefit equal to 45.75% of the benefit otherwise calculated for the deceased member as provided in the Act No. 107 Plan. Payment to a Class member who retired prior to the Effective Date will be paid retroactive to the member's retirement date in a lump sum on or within 30 days after the Effective Date. A member of Class VIII (a) may have retired before the Effective Date, or (b) must retire within 60 days after Effective Date if vested and age eligible on the Effective Date, or alternatively, (c) must retire within 60 days after the date the person is first age eligible if not age eligible on the Effective Date. Any member of Class VIII who does not retire as required under this provision will forfeit entitlement to Class VIII benefits and for pension purposes will be treated as a member of Class VII.

Except for a member who forfeits entitlement to Class VIII benefits by failing to retire as provided under this provision, members of Class VIII shall waive entitlement to any funds that are individually earmarked and contributed by them and held by the City after the Petition Date.

To fund the required Class VIII benefits the City shall annually by the 1st day of the second month of each fiscal year deposit an amount equal to the aggregate of all Class VIII benefits to be paid during the following 12 month period into a separate escrow account to be denominated as the "Class VIII Benefits Holding Account," such account to be established and maintained with a federally insured bank of the City's choosing. To the extent that additional persons become entitled to Class VIII benefits during such twelve month period, the City shall make a supplemental deposit into the account of an amount equal to the aggregate of benefits to be paid to such additional persons during the remainder of the twelve month period. All money deposited in the separate escrow account shall be held in such account until paid over to the appropriate Class VIII members as provided in this Plan. The Class VIII Benefits Holding Account shall be administered by the City; provided that all bank statements and records of all deposits, payments, and other transactions relating to the account shall be made available to any Class VIII member for inspection and copying upon five (5) days written request delivered to the Clerk of the City. All monies deposited in the account shall be the property of the Class VIII members as a group held in trust by the City for the benefit of the Class VIII members and shall not constitute property or assets of the City.

Class VIII claims are impaired.

Class IX: Retired Vested Employees Covered in the Pension Settlement Claim. This class is represented by the claim of the former employees who have settled their claims against the City pursuant to the Retiree Settlement Agreement. The terms and conditions of the Retiree Settlement Agreement are hereby incorporated by reference in their entirety as if set forth in full, and the terms and conditions of the Retiree Settlement Agreement constitute the treatment proposed by the City to the members of this class. The dispute resolution provisions

of the Retiree Settlement Agreement contained in paragraphs 19 and 20 of the Agreement shall control and be applicable to any default or other dispute arising under the Retiree Settlement Agreement, notwithstanding the general jurisdiction retention provisions of Article XI of this Plan.

Class IX claims are impaired.

Class X: Former Non-Vested Employee Pension Claims. Under the City's current pension plan, a non-vested employee who leaves the employment of the City is entitled to the return of their self-contributed funds to the pension plan. Currently, there are former employees who have a claim on the pension for the return of such funds. The City proposes to treat these claims through the pro-rata distribution of the remaining funds held in the pension account to such claimants (provided that such claims will share such pro-rata distribution with those current employees who are part of Class VII and who elect such treatment).

The Claims of Class X are impaired.

Class XI: General Unsecured Claims, Non-ordinary Course of Business and Deficiency Claims. This class shall consist of all other allowed unsecured claims against the Debtor. The Debtor will make an annual payment of $50,000.00 to be distributed pro rata to this class. The initial payment shall be made 180 days after the Effective Date. The payments shall be made annually for a period of five years. This class shall include deficiency claims of former employees who have claims against the existing pension plan, but are not vested in such plan and are treated in Class X These employees, in order to receive a distribution under the Plan, must file a claim prior to the Bar Date. This class also includes the claim of Yvonne M. Baldwin and other non-ordinary course creditors. Ms. Baldwin's claim was originally filed as secured, but pursuant to the Court's prior order, shall be treated as unsecured. The balance of

Class VI claims which are not paid by insurance are also included in this Class.

The General Unsecured Claims, Non-ordinary Course of Business and Deficiency Claims of Class XI are impaired.

## ARTICLE IV

### UNDERTAKINGS OF THE DEBTOR

The Debtor shall continue to operate and shall use its best efforts to produce the necessary monies to fund its Plan.

The Debtor shall retain all its' property unless otherwise noted in this Plan.

## ARTICLE V

### EXECUTORY CONTRACTS

Assumption or Rejection of Executory Contracts. Except as otherwise provided in this Plan, any Executory Contract, except the Act No.107 Plan and the modified Pension Plan which became effective January 1, 2002, that has not been expressly rejected by the Debtor with the Bankruptcy Court's approval on or prior to the Confirmation Date shall, as of the Confirmation Date (subject to the occurrence of the Effective Date), be deemed to have been assumed by the Debtor unless there is pending before the Bankruptcy Court on the Confirmation Date a motion to reject such Executory Contract. To the extent the Retiree Settlement Agreement is deemed to be an executory contract, the Debtor hereby assumes the agreement.

Damages Upon Rejection. The Bankruptcy Court shall determine the dollar amount, if any, of the Claim of any Entity seeking damages by reason of the rejection of any Executory Contract; provided, however, that such Entity must file a Proof of Claim with the Bankruptcy

Court within thirty days after the entry of the order rejecting such Executory Contract. To the extent any such Claim is allowed by the Bankruptcy Court by Final Order, such Claim shall become, and shall be treated for all purposes under the Plan as a Class XI Claim.

Cure of Defaults.  Except as may otherwise be agreed to by the parties to a specified Executory Contract, on the Effective Date, the Debtor shall cure any and all undisputed defaults under each Executory Contract assumed pursuant to the Plan in accordance with Section 365(b)(1) of the Bankruptcy Code.  All disputed defaults with respect to an Executory Contract that are required to be cured shall be cured either within thirty (30) days of the entry of a Final Order determining the amount, if any, of the Debtor's liability with respect thereto, or as may otherwise be agreed to by the parties to such Executory Contract.

Indemnification Obligations.  For purposes of the Plan, the obligations of the Debtor to defend, indemnify, reimburse or limit the liability of any current and former officers or employees (in their capacity as such) who were officers or employees, respectively, before, on or after the Petition Date against any claims or obligations pursuant to applicable state or federal law or any specific agreement, or any combination of the foregoing, shall survive confirmation of the Plan, remain unaffected thereby, and not be discharged irrespective of whether indemnification, defense, reimbursement or limitation is owed in connection with an event occurring before, on or after the Confirmation Date.

Compensation and Benefit Programs.  Unless otherwise modified, terminated or rejected on or before the Effective Date, all employment and severance practices and policies, and all compensation and benefit plans, policies, and programs of the Debtor applicable to its officers or employees, including, without limitation, all savings plans, health care plans, severance benefit plans, incentive plans, workers' compensation programs and life, disability

and other insurance plans shall be deemed to be Executory Contracts under the Plan and (i) all defaults, if any, thereunder are hereby cured and (ii) all such Executory Contracts are hereby assumed pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code. Provided, however, that all existing Pension plans are cancelled, rejected and replaced in total by the treatment provided for in classes IV, VI, VII, VIII, IX, X and XI as set forth above.

## ARTICLE VI

### OBJECTIONS TO CLAIMS

Notwithstanding any provisions of the Plan specifying a date or time for payment or distribution hereunder, claims which are the subject of an objection, motion for estimation, or are scheduled as disputed, unliquidated, or contingent, or where the collateral securing such claim is subject to a pending valuation request, shall not receive payment until an order with respect to such objection, estimation, or valuation becomes final, whereupon such payment and distribution shall be made promptly in accordance with the Plan.

## ARTICLE VII

### CLAIMS AGAINST OTHERS

Debtor has not completed its analysis of possible claims to determine whether any counter-claims or offsets are applicable. Notwithstanding, Debtor will pursue all legitimate claims from affiliates, professionals, and/or any other person, firm or entity liable to it under state law, as well as §§ 544, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code.

## ARTICLE VIII

## CONFIRMATION PROCEDURE

In order to confirm the Plan, the Code requires that the Bankruptcy Court make a series of determinations concerning the Plan including that (a) the Plan has classified claims and interests in a permissible manner; (b) the Plan complies with the technical requirements of the Code (c) the Debtor has proposed the Plan in good faith; and (d) the Debtor's disclosures have been adequate. The Debtor believes that all of these conditions will have been met by the date set for the hearing on confirmation and will seek a ruling of the Bankruptcy Court to this effect at that hearing.

The Code also requires that the Plan be accepted by the requisite votes of creditors and members (except to the extent that "cram-down" is available under Section 1129(b) of the Code, "Confirmation Without Acceptance by All Impaired Classes"); the Plan be feasible (that is, there is a reasonable prospect that the Debtor will be able to perform its obligations under the Plan and continue to provide future public services at the level necessary to its viability as a municipality); and that the Plan is in the "best interests" of all creditors. To confirm the Plan, the Bankruptcy Court must find that all of these conditions are met (unless the applicable provisions of Section 1129(b) of the Code are employed in which event the Plan could be confirmed even though a class does not accept the Plan). Thus even if the creditors accept the Plan by requisite votes, the Bankruptcy Court must make an independent finding with respect to the Plan's feasibility and whether it is in the best interests of the Debtor's creditors before it may confirm the Plan. These statutory conditions to confirmation are discussed below.

The Code requires that a Plan of Reorganization place each creditor's claim in a class with other claims and interest, which are "substantially similar." The Debtor believes that the Plan meets the classification requirements of the Code.

As a condition to confirmation, the Code requires that an impaired class of claims or interest accept the Plan. The Code defines acceptance of a plan by a class of claims as acceptance by holders of two-thirds (2/3) in a dollar amount and a majority in number of claims of that class, but for this purpose counts only those who actually vote to accept or to reject the plan. Holders of claims who fail to vote are not counted as either accepting or rejecting the plan.

Classes of claims that are not "impaired" under the Plan are deemed to have accepted the Plan. Acceptances of the Plan are being solicited only from those persons who hold claims or interests of an impaired class. A class is "impaired" if the legal, equitable or contractual right attaching to the claims or interest of that class are modified, other than by curing defaults and reinstating maturity or by payment in full in cash.

## ARTICLE IX

## ACCEPTANCE OR REJECTION OF THE PLAN

Each holder of an allowed claim in ClasIV, VII, VIII, IX, X, and XI shall be entitled to vote to accept or reject the Plan, unless otherwise ordered by the Court.

Classes unimpaired under the Plan are non-voting classes and therefore deemed to have accepted the Plan.

The confirmation requirements of those provisions of Section 1129 of the Code incorporated by Section 943 must be satisfied with respect to the Debtor and the Plan. If the

Court determines that any provisions of the Plan are prohibited by the Code, or renders the Plan unconfirmable under § 943 of the Code, the Debtor reserves the right to sever such provisions from the Plan, and to request that the Plan, as so modified, be confirmed.

In the event that any class of creditors rejects the Plan, the Debtor reserves the right to request the Court confirm the Plan over such rejection in accordance with § 1129(b) of the Code.

In the event of a controversy as to whether any class of claims or interests is impaired under the Plan, the Court will, after notice and an opportunity for hearing prior to Confirmation Date, determine such controversy.

## ARTICLE X

## DISTRIBUTIONS

Distributions on Allowed Claims. Except as otherwise provided herein, Distributions to holders of Allowed Claims shall be made: (a) at the addresses set forth on the respective proofs of Claim filed by such holders; (b) at the addresses set forth in any written notice of address change delivered to the Debtor after the date of the filing of any related proof of Claim; or (c) at the address reflected in the Schedules or the Debtors' books and records if no proof of Claim has been filed and if the Debtor has not received written notice of a change of address, as set forth herein. The distributions to holders of Allowed Claims shall be on the Initial Distribution Date and the subsequent Distribution Dates on the terms and conditions of the Plan. Notwithstanding any other provision of the paragraph, all Distributions to holders of Claims shall be subject to the provisions of the Plan concerning reserves for the Disputed Claims.

Undeliverable Distributions.  If a Distribution is returned as undeliverable, the Debtor shall hold such Distribution and shall not be required to take any further action with respect to the delivery of the Distribution unless and until the earlier of (a) the date on which the Debtor is notified in writing of the then current address of the holder entitled to receive the Distribution and (b) three (3) months after said Distribution.  If the Debtor is notified in writing of the then current address of the holder before three (3) months after said Distribution, the Debtor promptly shall make the Distribution required by the Plan to the holder at such address.  If the Debtor is not so notified by three (3) months after said Distribution and the holder of the Claim does not by such date assert, in writing, a right to such undeliverable Distribution, the holder shall be forever barred from asserting a Claim to such undeliverable Distribution or subsequent Distributions, which undeliverable Distribution (and all subsequent Distributions to which the holder of the Claim would otherwise be entitled) shall become available for distribution to holders of other Allowed Claims as provided by the Plan.

Manner of Payment.  Distributions under the Plan may be made, at the option of the Debtor, as necessary to effectuate the Plan.

Interest.  Unless otherwise required by Final Order of the Bankruptcy Court or applicable bankruptcy law, interest shall not accrue or be paid after the Filing Date on any Claims, and no holder of a Claim shall be entitled to interest accruing on or after the Filing Date on any Claim.

Fractional Dollars; De Minimis Distributions.

(a)  Whenever any payment of a fraction of a cent would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole cent.

(b) No interim Distribution will be made on account of any Allowed Claim if the amount of such Distribution is less that $5.00. One the Final Distribution Date, the Debtor shall (i) aggregate the amount of all Distributions that would have been made on account of an Allowed Claim but for this de minimis provision and (ii) make a Distribution on account of such Allowed Claim in accordance with the Plan.

Reserve for Disputed Claims. Except as otherwise provided in the Plan, no Distributions shall be made on account of a Disputed Claim until such claim becomes an Allowed Claim. In making any Distribution on Allowed Claims, the Debtor shall calculate the amount of such Distribution for purposes of making a Pro Rata calculation) as if each Disputed Claim were an Allowed Claim, unless the Bankruptcy Court enters an order specifying that the Disputed Claim should be treated as being a different amount of purposes of such calculation. Subject to Section VI.A.2 of the Plan (a) the Debtor shall reserve from Distributions a sufficient amount to make a Distribution on a Disputed Claim in the event it becomes an Allowed Claim (unless the Bankruptcy Court orders otherwise); and (b) to the extent a Disputed Claim is disallowed pursuant to a Final Order, any reserves attributable to the disallowed portion of the Disputed Claim shall be distributed on account of Allowed Claims pursuant to the terms of the Plan.

Setoffs. Subject to Section 553 of the Bankruptcy Code, in the event any Debtor has a Claim of any nature whatsoever against a holder of a Claim, the Debtor may, but is not required to, set off or recoup such Debtor's Claim against such Claim (and any Distributions or other rights to receive property arising out of such Claim under the Plan) unless any such claim of the Debtor is, or will be, released under the Plan. Neither the failure to set off, nor the

allowance of any Claim under the Plan, shall constitute a waiver or release of any Claim of the Debtor.

## ARTICLE XI

## RETENTION OF JURISDICTION AND SECTION 904 CONSENT

The Court shall retain jurisdiction of this case:

To determine the allowance or disallowance of and the amount, priority, validity and dischargeability of claims;

To interpret the Plan and hear all disputes arising in connection with execution of this Plan;

To decide controversies and disputes arising under or in connection with the Plan;

To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, and to modify or amend the Plan;

To enforce all causes of action which may be available to the Debtor; and

To issue any order, process or judgment necessary or appropriate to carry out the provisions of the Plan.

In supplementation and without limitation of the foregoing, the Court retains jurisdiction to enforce the provisions of this Plan with respect to the benefit entitlements of the members of Classes VII, VIII and IX and the obligations of the City under this Plan with respect to the members of such classes. Specifically, but without limitation, the Court retains jurisdiction to hear motions to compel deposit of the funds into the Class VIII Benefits Holding Account or to compel payment of Class VIII benefits as provided in Article III of this Plan if the City fails to comply with the provisions of Article VIII. Any Class VIII member who is accorded relief by the Court with respect to any such motion shall also be entitled to reasonable

costs and expenses incurred in connection with such motion, including a reasonable attorney's fees.

The general retention of jurisdiction provisions of this Article XI shall not be applicable to disputes arising under the Retiree Settlement Agreement. Any disputes arising under that settlement agreement shall be resolved in the Circuit Court of Mobile County and pursuant to the terms of the settlement agreement.

This Plan constitutes the consent of the City under 11 U.S.C. § 904 to the entry by the Court of any stay, order, or decree necessary or appropriate to enforce the provisions of this Plan, without regard to whether such stay, order, or decree may directly or indirectly interfere with **(1)** any of the political or governmental powers of the City; **(2)** any of the property or revenues of the City; or **(3)** the City's use or enjoyment of any income-producing property.

## ARTICLE XII

### EFFECT OF CONFIRMATION

As of the Effective Date, the effect of confirmation shall be as provided in Section 944 of the Code. It is the Debtor's intention that the reorganized Debtor shall, following confirmation, retain all rights, claims, causes of action and other assets, whether known or unknown, disclosed or undisclosed, that are not required to be used to fund and perform this plan of reorganization.

All claims against the City, its instrumentalities, its current and former employees, and its current and former officers are addressed and provided for in this Plan. As such, any claim, dispute, arbitration, or litigation (the "Disputes") that arose prior to the Petition Date are deemed resolved and treated according to the Plan. The City shall promptly take such actions

as are necessary and appropriate to have the Disputes resolved and dismissed before any court or tribunal before which they have been or are currently pending.

## ARTICLE XIII

## MISCELLANEOUS PROVISIONS

Compliance with Tax Requirements. In connection with this Plan, the Debtor shall comply with all applicable withholding and reporting requirements imposed by federal, state, local and foreign taxing authorities, and all distributions hereunder shall be subject to those withholding and reporting requirements. Creditors may be required to provide certain tax information as a condition to receiving distributions pursuant to this Plan. Notwithstanding any other provision of this Plan, each person receiving a distribution pursuant to this Plan will have sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed by any governmental unit, including income, withholding and other tax obligations, on account of that distribution. The Debtor shall withhold from any assets or property distributed under the Plan any assets or property which must be withheld for foreign, federal, state and local taxes payable with respect thereto or payable by the Person entitled to such assets to the extent required by applicable law.

Effectuating Documents and Further Transactions. The Debtor and any other party whose cooperation is needed in connection with the Plan are required to execute, deliver, file or record such contracts, instruments, releases, indentures and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

Modification of the Plan. The Debtor may propose amendments to or modifications of the Plan, under Section 942 of the Bankruptcy Code, at any time prior to the Confirmation

Date. After the Confirmation Date, the Debtor may remedy any defects or omissions or reconcile any inconsistencies in the Plan or the Confirmation Order or any other order entered for the purpose of implementing the Plan in such manner as may be necessary to carry out the purposes and intent of the Plan.

Revocation and Withdrawal of the Plan. The Debtor reserves the right to revoke and withdraw the Plan prior to the Confirmation Date. If the Debtor revokes and withdraws the Plan prior to the Confirmation Date or, if the Plan is not confirmed pursuant to Section 943 of the Bankruptcy Code, then the Plan shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims by or against the Debtor or any other Entity or to prejudice in any manner the rights of the Debtor or any Entity in any further proceedings involving the Debtor.

Binding Effect. Upon the Effective Date, the Plan shall be binding upon and inure to the benefit of the Debtor and the holders of Claims and their respective successors and assigns, whether or not they voted to accept the Plan. The rights, duties and obligations of any entity named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such entity.

No Admission. Notwithstanding anything herein to the contrary, nothing contained in the Plan or in the Disclosure Statement shall be deemed as an admission by the Debtor, with respect to any manner set forth herein or therein, including, without limitation, liability on any Claim or the propriety of any Claim classification.

Governing Law. Except to the extent the Bankruptcy Code, Bankruptcy Rules or other federal law is applicable, or to the extent an exhibit to the Plan provides otherwise, the rights

and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Alabama.

Plan Supplement. Any and all exhibits or schedules not filed with the Plan shall be contained in a Plan supplement and filed with the Clerk of the Bankruptcy Court prior to the Confirmation Hearing. Upon its filing with the Bankruptcy Court, the Plan supplement may be inspected in the office of the Clerk of the Bankruptcy Court during regular court hours.

Headings. Headings are used in the Plan for convenience and reference only, and shall not constitute a part of the Plan for any other purpose.

Exhibits and Schedules. All Exhibits and Schedules to the Plan, including the Plan supplement, are incorporated into and are a part of, the Plan as if set forth in full herein.

Modification of Payment Terms. The Debtor reserves the right to modify the treatment of any Allowed Claim, as provided in Section 1123(a)(4) of the Bankruptcy Code, at any time after the Effective Date upon the consent of the holder of such Allowed Claim.

Entire Agreement. The Plan sets forth the entire agreement and undertakings relating to the subject matter thereof and supersede all prior discussions and documents. No Entity shall be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof, other than as expressly provided for herein or as may hereafter be agreed to by the parties in writing.

Respectfully submitted this 20th day of March 2014.

_____
Troy L. Ephraim, Mayor
City of Prichard, Alabama

R. Scott Williams
Jennifer B. Kimble
Counsel for the City of Prichard, Alabama

Of Counsel:
R. Scott Williams
Jennifer B. Kimble
RUMBERGER KIRK & CALDWELL
Lakeshore Park Plaza, Suite 125
2204 Lakeshore Drive
Birmingham, Alabama 35209-6739
Phone:  205-327-5550
Fax:  205-326-6786
swilliams@rumberger.com
jkimble@rumberger.com


C. Michael Smith
Suzanne Paul
Paul and Smith, P.C.
150 South Dearborn St.
Mobile, Alabama 36602
Phone:  251.433.0588
Fax:  251.433.0594
paulandsmithpc@earthlink.net

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading was electronically served this the 20th day of March, 2014 in accordance with the method established under this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

The following parties were served by placing a copy of same in the United States Mail postage prepaid and properly addressed as follows:

Robert J. Hedge
Citrin Law Firm
P.O. Drawer 2187
Daphne, AL 36526

Lawrence B. Voit
Alexander K. Garrett
Silver, Voit & Thompson
4317-A Midmost Drive
Mobile, AL 36609

Travis M. Bedsole, Jr.,
Bankruptcy Administrator
U.S. Bankruptcy Court
Southern District of Alabama
P.O. Box 3083
Mobile, Alabama 36652-3083

Donald J. Stewart
Cabaniss, Johnston, Garner, Dumas & O'Neal, LLP
63 S. Royal Street
Suite 700
Mobile, AL 36602

_____
Of Counsel

6689144_1.DOCX